[19270. In Bank.—April 14, 1893.]

## O. S. FLAGG, Petitioner, *v.* GEORGE PUTERBAUGH, Judge of the Superior Court, Respondent.

Order Dissolving Attachment—Bill of Exceptions to Decision—Reasonable Time for Presentation—Construction of Code.—Upon an order dissolving an attachment, or in case of any order or decision falling under section 649 of the Code of Civil Procedure, which provides for the presentation of a bill of exceptions to a decision at the time of the ruling, it is not necessary that the bill of exceptions be presented at once, in order to give the party excepting the right to have it settled and allowed, but it is sufficient if it is presented within a reasonable time after the order excepted to; and the analogy furnished by sections 650 and 651 should determine what is a reasonable time. Section 649 is in terms permissive, and the privilege thereby granted is not exclusive.

Id.—Appealable Order—Settlement of Exceptions.—The fact that the order accepted to is an appealable order, does not restrict the procedure for the settlement of the bill of exceptions thereto, to that prescribed by section 649 of the Code of Civil Procedure, to the exclusion of section 650 of that code.

Id.—Leave to Amend Bill of Exceptions—Presentation within Time Allowed—Refusal of Settlement—Mandamus.—Where the plaintiffs, against whom an order dissolving an attachment had been made prior to final judgment, within ten days after the decision, served his bill of exceptions upon the defendant, and in due time presented it to the judge for settlement, upon notice, and the judge thereafter granted him leave to amend his bill, and gave him additional time within which to file and serve it, and within such time the amended bill was served and presented to the judge, the court has no right to refuse to settle and allow it upon the ground that it was not presented within time, and mandamus will lie to compel such settlement, provided an appeal from the order is taken within the statutory time.

Id.—Rule of Supreme Court—Settlement of Exceptions—Practice.—A bill of exceptions to an order dissolving an attachment is only rendered necessary by rule XXIX. of the supreme court, and in case of settlement of any bill of exceptions to which this rule is applicable, the practice prescribed by sections 650 and 651 of the Code of Civil Procedure should be followed.

ID.—DUTY OF COURT—RULES OF PROCEDURE—OPPORTUNITY FOR PRESENTING
CASE UPON MERITS.—A court should lean in favor of giving to litigants every
reasonable opportunity of presenting their cases on the merits, and rules of
procedure should be made to serve their true purpose of expediting and facili-
tating the disposition of causes according to their merits, rather than to convert
them into a means of obstruction.

ID.—MANDAMUS—SETTLEMENT OF EXCEPTIONS—APPEALABLE ORDER—EXPIRA-
TION OF TIME FOR APPEAL—INSUFFICIENT PETITION.—A petition for manda-
mus to compel the settlement of a bill of exceptions to an appealable order,
which the trial judge has refused to settle or allow, if presented after the time
for appeal from the order has expired, is demurrable if it does not allege that an
appeal was taken from the order within sixty days from its date.

HEARING in the Supreme Court upon a writ of mandamus
to compel the judge of the Superior Court of San Diego County
to settle and certify a bill of exceptions.

The facts are stated in the opinion of the court.

*O. S. Flagg,* and *Thomas F. Capps,* for Petitioner.·

*Wellborn, Stephens & Wellborn,* for Respondent.

BEATTY, C. J.—This is a proceeding by mandamus to com-
pel the respondent to settle and certify a bill of exceptions to
an order dissolving a writ of attachment. Respondent demurs
generally to the petition for want of facts. From the petition
it appears that the order dissolving the attachment was made
October 4, 1892. Afterwards, on the same day, the cause in
which the attachment had been issued was tried by the court
and taken under advisement. On October 7th judgment was
directed for the plaintiff, and on October 13th findings were filed
and judgment entered. On October 8th petitioner (plaintiff in
the attachment suit) served a draught of his proposed bill of
exceptions on the defendant's attorneys, and on the 19th gave
notice that he would on the 24th of October present the bill to
the respondent for settlement. On the 24th the bill was accord-
ingly presented, but the respondent took no action in the matter
until November 4th, when he granted leave to the petitioner to
amend said bill, giving him until November 9th to file and
serve his amended bill, and allowing the defendants ten days
thereafter to interpose objections or propose additional amend-
ments. On November 7th the petitioner served on defendants
and presented to respondent his amended bill.

The defendants objected to the settlement of the bill, and on January 13, 1893, the respondent indorsed thereon the following order: "The proposed bill of exceptions not being presented in time is disallowed, and the court hereby refuses to allow or settle the same. This action, or rather this refusal to act on the part of the respondent, is attempted to be justified on several grounds. In the first place, a distinction is claimed to exist between this case and *Tregambo* v. *Comanche Co.*, 57 Cal. 504, because the order excepted to here is an appealable order, while in that case it was a ruling which could only be reviewed on appeal from the final judgment, and it is contended that although in the case cited the procedure prescribed by section 650 of the Code of Civil Procedure may have been applicable, this case is wholly governed by section 649. We see no reason arising out of the difference of the cases for applying a different rule. The decision in *Tregambo* v. *Comanche Co.* was a liberal ruling in favor of justice, and ought to be followed in all cases where it can be applied without violating the express terms of the statute. A court should lean in favor of giving to litigants every reasonable opportunity of presenting their cases on the merits, and rules of procedure should be made to serve their true purpose of expediting and facilitating the disposition of causes according to their merits, rather than to convert them into a means of obstruction.

Taking this view of the matter, and assuming that the case is governed by section 649, that section is in terms permissive, and the privilege granted the party of presenting his bill of exceptions for settlement at the time of the ruling is not necessarily exclusive. It would frequently be extremely inconvenient to make up a bill of exceptions *instanter*, and there is no reason why a court should hold itself rigidly bound to such a practice in the case of appealable orders made before final judgment, any more than in the case of similar orders made after final judgment, which are provided for in section 651. In short, we think that in a case falling under section 649, a bill of exceptions ought to be settled and allowed if presented within a reasonable time after the order excepted to, and that the analogy furnished by sections 650 and 651 should determine what is a reasonable time. The petitioner here followed the practice pre-

scribed by those sections, and was entitled to have his bill of exceptions allowed and certified.

It is only in consequence of our twenty-ninth rule that a bill of exceptions to this order is necessary. The rule does not, as perhaps it ought, prescribe any practice for the settlement of the bills of exceptions which it requires. We take the occasion, therefore, to say, that in order to comply with that rule, parties appealing from orders may follow the same practice prescribed by sections 650 and 651 of the Code of Civil Procedure.

Another objection to the right of petitioner to the relief sought is that his petition shows that his original proposed bill was not refused settlement, and that the bill which was refused was filed too late. We think it sufficiently appears that the court refused to settle not only the bill proposed November 7th, but any bill. The first one, at least, was in time, and entitled the petitioner to a bill truly setting forth the proceedings to be reviewed. But, considering the extension of time granted by the court, we think the second draft proposed was in time, and so far as it was true, ought to have been allowed.

The last objection is that more than six months have elapsed since the order dissolving the attachment; that the time for appealing was only sixty days, and that it does not appear that any appeal has ever been taken. This objection to the sufficiency of the petition seems to be well founded. It would be a vain thing to settle a bill of exceptions if there is no appeal, and the court would not order it. For this reason, only, the demurrer to the petition must be sustained.

Demurrer sustained, with leave to petitioner to file an amended petition within ten days, if he is so advised.

DE HAVEN, J., FITZGERALD, J., HARRISON. J., and MC-FARLAND, J., concurred.