[L. A. No. 399. Department One.—September 2, 1898.]
WILLIAM R. SMITH, Appellant, v. MAY AGNES JORDAN,
Respondent.

BILLS OF EXCEPTIONS—TIME FOR PRESENTING—APPEAL—ATTACH-
MENT.—The various steps necessary to be taken for the settle-
ment of bills of exceptions, in cases falling under section 649 of
the Code of Civil Procedure, must be done within a reasonable
time, and in determining what is a reasonable time the analogy
furnished by sections 650 and 651 of that code will be followed.
Consequently, a proposed bill of exceptions to an order dissolv-
ing an attachment, which is not prepared and served within
ten days after the order was made, is too late, and an objection
made to its settlement on that ground, and embodied in the
record, can be considered on appeal.
ID.—APPEAL FROM ORDER DISSOLVING ATTACHMENT.—Under rule 29
of the supreme court, the record on appeal from an order dissolv-
ing an attachment should be presented by a bill of exceptions.

APPEAL from an order of the Superior Court of Los Angeles
County dissolving an attachment. Lucien Shaw, Judge.

The facts are stated in the opinion.

Mulford & Pollard, for Appellant.

George J. Denis, A. W. Hutton, and Charles Wellborn, for
Respondent.

CHIPMAN, C.—This is an appeal from an order dissolving
plaintiff's writ of attachment. The order was made and entered
February 18, 1897. The proposed bill of exceptions, by which
the appeal comes here, was served on defendant's attorneys
March 10, 1897, and was not presented to the judge or filed with
the clerk until March 22d, at which time it was presented to the
judge for settlement, no judgment having been rendered in the
action. Defendant objected to the settlement on the ground
that it was not prepared, proposed, served, or presented to the
court or counsel within the time allowed by law. The court,
however, settled the bill, and defendant now renews the objec-
tion, which he may do. (*Gumpel v. Castagnetto*, 97 Cal. 15.)

It was said by this court in *Flagg v. Puterbaugh*, 98 Cal. 134,
that where the case falls under section 649 of the Code of Civil

Procedure (as this case seems to do), the bill of exceptions should be allowed and settled within a reasonable time, "and that the analogy furnished by sections 650 and 651 of the Code of Civil Procedure should determine what is a reasonable time." Section 650 requires the party within ten days after entry of judgment, et cetera, to prepare draft of a bill and serve the same, and within ten days after such service the adverse party may file amendments, and the bill and amendments must, within ten days thereafter, upon five days' notice to the adverse party, be presented to the judge. The proposed bill here was not prepared and served until twenty days after the order was made.

Under the practice pointed out in *Flagg v. Puterbaugh, supra,* it was plaintiff's duty to prepare and serve his proposed bill within ten days after the order was made. This court said in that case that it "should lean in favor of giving to litigants every reasonable opportunity of presenting their cases on the merits"; and the court accordingly gave a construction to section 649 which would have served the purpose of plaintiff in the present instance had he pursued the course indicated. It was there said also that a bill of exceptions to an order such as we have here was necessary only because of rule 29 of this court, and litigants were told to follow the practice prescribed by sections 650 and 651. To sustain the trial court in settling the bill of exceptions, under the circumstances of this case, would require us to remove all limit of time in the steps to be taken and leave the courts practically without any guide.

This view of the matter makes it unnecessary to pass upon the merits of the questions involved in the appeal. The order dissolving the writ should be affirmed.

Searls, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the order dissolving the writ is affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.