[Civ. No. 127.   Third Appellate District.—March 20, 1906.]

## ALLEN CANNON, Respondent, v. GEORGE F. McKENZIE, Appellant.

ASSUMPSIT—PLACE OF TRIAL—RESIDENCE OF DEFENDANT—CONFLICTING AFFIDAVIT—DENIAL OF MOTION—REFUSAL OF RENEWAL FOR SURPRISE—DISCRETION.—Where the defendant in an action of *assumpsit*, upon his appearance, demanded a change of the place of trial to the county of his alleged residence, and moved therefor upon his affidavit and that of his attorney, to which plaintiff filed counter-affidavit showing the defendant's residence in the county of the venue, and no time was asked to reply to such counter-affidavit, a motion for leave to renew the motion on the ground of surprise, and evidence of facts corroborating defendant's original affidavits, was addressed to the discretion of the court, and where no such abuse of discretion appears as should compel a reversal of its orders denying both motions, they will not be disturbed upon appeal.

ID.—COMPLAINT—VARIANCE—MATTERS NOT IN ISSUE.—Where the complaint in assumpsit was for the value of broom brush sold, board furnished, and labor done, it cannot support a judgment for the hire of a team, or for gasoline furnished, which were not within the issue.

ID.—LABOR DONE—INTENDMENTS IN SUPPORT OF JUDGMENT—SERVICES OF MINOR SON.—In *assumpsit* for the value of labor done all intendments are in support of the judgment, and it may properly include the value of the services of a minor son of the plaintiff, to whose services and earnings he is entitled, when there is no claim that the minor son was paid therefor.

ID.—PURCHASE OF STANDING BROOM BRUSH—BREACH OF AGREEMENT
TO HARVEST AND PAY FOR CROP—MATURITY OF CAUSE OF ACTION.—
Findings that defendant purchased the quantity of broom brush
alleged while the broom corn was standing in the field, and agreed
to cut, harvest and bale the crop at his own expense, and to pay
therefor the agreed price on September 15th, and that plaintiff
delivered possession of the crop to the defendant on or about
August 1st, and that defendant wholly failed to comply with the
contract on his part, and that all the broom corn was not baled
when suit was brought, October 3d, owing wholly to the fault of the
defendant, and that plaintiff had done every act required of him
on his part when the action was brought, show that the action was
not prematurely commenced.

APPEAL from a judgment of the Superior Court of Glenn
County. Wm. M. Finch, Judge.

The facts are stated in the opinion of the court.

E. De Los McGee, for Appellant.

Donohoe & Freeman, for Respondent.

CHIPMAN, P. J.—This is an action to recover the value
of certain eighteen tons of broom brush and for board fur-
nished defendant and labor done. The court gave judgment
for plaintiff in the sum of $612.33, with interest, and costs
and disbursements, amounting to $273.45. The action was
commenced in Glenn county, and summons was served in said
county on October 3, 1904. Defendant appeared by demur-
rer, and at the same time served his demand in writing and
notice of motion that the place of trial be changed to the city
and county of San Francisco. The motion was made on the
affidavit of defendant, the demand in writing and the papers
and records on file in the action. The motion was heard on
October 31, 1904, and at the hearing plaintiff's attorney filed
an affidavit of plaintiff in reply to defendant's said affidavit.
The court denied the motion of defendant, to which exception
was duly taken. Thereafter, on November 10, 1904, defend-
ant served and filed his motion to vacate and set aside the
order of the court made October 31st, and to grant defendant
leave to renew his said motion. This latter motion was made
on the alleged grounds: 1. That said order was given and

made through inadvertence and mistake. 2. That the court was not fully advised as to defendant's residence. 3. That the affidavit of plaintiff is false and untrue so far as it relates to defendant's residence. 4. That defendant was taken by surprise at the hearing of said motion to change the same and was given no opportunity to reply to plaintiff's said affidavit. 5. That there is no evidence before the court sufficient to justify said order.

With defendant's said motion for leave to renew his former motion, defendant served and filed the affidavit of defendant and also the affidavit of Frank Moody, Esq., his attorney, appearing at the hearing of the first motion. It was stated in the motion that it would be heard upon the affidavits of defendant and said Moody "and upon all the papers on file in this cause, and upon such other evidence as may be introduced at the hearing of this motion." It was admitted that at the hearing of the first motion no objection was made by defendant to the introduction of plaintiff's affidavit, "nor was any time asked by counsel for defendant to reply to said affidavit." The court denied defendant's motion to vacate said order of October 31, 1904, and denied the motion for leave to renew said motion to change the place of trial. "The court, in denying defendant's motion, said that the additional showing of defendant for a change of venue should have been made in the original affidavit of defendant." No exception appears to have been taken to the order or decision of the court denying defendant's motion to set aside the first order, and to permit defendant to serve his motion for a change of the place of trial. Respondent makes the point that the second order is not appealable under section 939, Code of Civil Procedure, and therefore, not having been excepted to, cannot be reviewed. (Citing Code Civ. Proc., sec. 647; *Grazidal* v. *Bastanchure,* 47 Cal. 167.) It is not necessary to determine the point. At the hearing of the first motion defendant stated in his affidavit that at "the commencement of the action, and long prior thereto, he was, and ever since has been, a resident of the city and county of San Francisco," and "is not now, and never has been, a resident of Glenn county." The counter-affidavit of plaintiff stated that at the time of the commencement of the action, and at the time summons was served, defendant was a resident of Glenn

county and that for several months prior to the commencement of this action the said George F. McKenzie has resided in the county of Glenn and many times stated to plaintiff "that he intended to reside and make his home in the county of Glenn, and would vote in said county at the election this fall, and intended to register as a voter as such." The first motion was heard on these two affidavits without objection by defendant, and without asking time to file further affidavits or submit further evidence, and at that hearing defendant made no suggestion of surprise and made no complaint, as he now makes, that plaintiff's affidavit had not been served upon him prior to the hearing. If he was taken by surprise and desired further time to meet plaintiff's affidavit he should have made known his desire then and there. His attorney deposed, in support of the second motion, that if he had been given the opportunity to reply to plaintiff's affidavit he "believes that the utter and entire falsity of plaintiff's affidavit could and would have been shown." We cannot see that he was deprived of this opportunity, for he did not ask that it be accorded to him.

As to the fact of defendant's residence, Attorney Moody made no statement. Defendant in his second affidavit merely reiterates what he stated in his first affidavit, with the additional statements that he had registered as a voter in the city and county of San Francisco, in July, 1904, which is shown by a copy of his certificate of registration; that he had been a resident of San Francisco for over twenty years and that his business had led him to visit Colusa and Sutter counties in August, 1904, for the purpose of buying broom corn, and, being unable to secure all he required, he went to Glenn county for the same purpose and was there for that purpose alone. He denied making the statements deposed to by plaintiff in his affidavit. There is nothing in the record in support of defendant's claim of surprise or excusable neglect. No new facts were before the court except as above stated, which were facts tending to corroborate the facts stated in his first affidavit. Defendant may have registered as a voter in San Francisco in July, 1904, and later have changed his residence to Glenn county. His registration in San Francisco was not conclusive as to his residence when the action was brought. The second motion was made on the papers on file, including

3 Cal. App.—19

plaintiff's affidavit. The question was within the discretion of the court, and we cannot say that there was such abuse of discretion as should compel a reversal of its orders. ·

The appeal from the judgment is on the judgment-roll, and it is claimed that certain findings are not within the issues—namely, the finding that there is due the sum of $37.50 for hire of a team, that there is due the sum of $22.50 for the labor of plaintiff's son, and that there is due the sum of $2.25 for gasoline. The complaint was for "board' furnished, labor done, and the value of eighteen tons of broom brush." A demurrer to the complaint on the ground of· ambiguity and uncertainty was overruled, but defendant does not claim error in this regard. We do not think that plaintiff can have greater relief than he prayed for, or on issues not before the court, and hence there is no basis in the complaint for the items mentioned except the item for services of plaintiff's son. All intendments must be indulged in support of the judgment. The father is entitled to the services and earnings of his minor son. (Civ. Code, sec. 197.) The evidence under the claim for labor performed may have shown that the son was a minor, and there is no claim that defendant paid the minor. (Civ. Code, sec. 212; *Commissioners* v. *Barnard,* 98 Cal. 199, [32 Pac. 982] ; *Rudel* v. *Los Angeles County,* 118 Cal. 281, [50 Pac. 400].) We see no reason why the judgment for the other items mentioned in the complaint should not stand.

The court found that defendant purchased the broom brush while the broom corn was standing in the field and "agreed to cut, harvest, and bale the said crop at his own cost and expense," and that the crop was to be harvested and baled and paid for at the agreed price on September 15, 1904, and that plaintiff delivered possession of the crop to defendant on or about August 1, 1904; and the court also found that defendant failed to perform the contract on his part in all these particulars. It is claimed that because the court also found that all the broom corn was not harvested and baled at the commencement of the suit the cause of action had not accrued. But the court found that the failure of defendant to harvest and bale the crop "was due to the fault of the said defendant and not to any act or fault of the said plaintiff"; and "that the plaintiff at the time of the commence-

ment of this action had performed in every respect the terms of his agreement of sale of said crop.'' There is no merit in the claim that the action was prematurely commenced.

The judgment is modified by deducting therefrom the sum of $39.75, and otherwise it is affirmed.

McLaughlin, J., and Buckles, J., concurred.