[Civ. No. 1257. First Appellate District.—June 13, 1913.]

G. H. FAIRCHILD et al., Respondents, v. BAY POINT AND CLAYTON RAILROAD COMPANY (a Corporation), Appellant.

JUDGMENT—WHETHER MUST BE SEVERAL WHEN IN FAVOR OF TWO PLAINTIFFS.—In an action to recover for services in laying track in the construction of a railroad, brought by the contractor and his assignee of a half interest therein, the defendant cannot complain that a several judgment is not given specifying the amount to which each plaintiff is entitled, when it is not claimed that there has been a misjoinder of parties plaintiff, and the amount of the award is not questioned, and no substantial right of the defendant is impaired.

ID.—INTEREST—CERTAINTY OF PRINCIPAL AMOUNT DUE.—It is proper to allow interest upon the amount found to be due from the date of the commencement of the action, where the construction contract provided that the contractor was to lay ten and one-half miles of track at four hundred and seventy-five dollars per mile, and for any other work he was to be paid the cost thereof plus ten per cent.

ID.—DEMAND NOT ASCERTAINABLE BY CALCULATION.—The fact that there was a dispute between the parties as to the quantity of work done

did not have the effect of rendering the plaintiffs' demand unascer-
tainable by calculation; nor would the fact that the defendant denied
the amount of the cost charged against it, if the court found against
the defendant's contention, deprive the plaintiff of the right to re-
cover interest.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. George H. Cabaniss,
Judge.

The facts are stated in the opinion of the court.

Page, McCutchen, Knight & Olney, for Appellant.

H. W. Hutton, for Respondents.

KERRIGAN, J.—This is an appeal by defendant from a
judgment rendered in favor of plaintiffs in an action brought
to recover for services performed under a written contract,
consisting of laying track in the construction of a railroad;
also to recover damages alleged to have been caused by
defendant in delaying the performance of the work. The ap-
peal is upon the judgment-roll.

On the eleventh day of June, 1907, the plaintiff Fairchild
entered into a written agreement with the defendant, wherein
Fairchild agreed to lay the first section of a certain broad
gauge railroad, being approximately ten and one-half miles
of track and switches, for which he was to receive $475 per
mile. It was also agreed that for any work other than track-
laying which might be done by Fairchild he should be paid
therefor on the basis of cost plus ten per cent.

Subsequent to the date of the contract and prior to the com-
mencement of this action Fairchild made an assignment of
the contract to his coplaintiff Parkin-Howard Company, re-
taining, however, a one-half interest in all the profits that
might accrue under the contract, and also agreeing to pay
one-half of all losses that might arise in doing the work men-
tioned in the contract. It was alleged that the work under
the contract was done by the plaintiffs jointly, and the court
so found.

After finding the facts as just stated the court as a conclu-
sion of law held that plaintiffs were entitled to judgment

against the defendant for the sum of two thousand five hundred dollars, with interest thereon from the date of the commencement of the action, together with costs of suit. Judgment was accordingly entered.

Defendant contends that the findings do not support a joint judgment as entered, and will not support a several judgment in favor of either plaintiff. From the findings, it will be observed, says the defendant, that plaintiff Fairchild was entitled to only one-half of the profits, and that his coplaintiff is entitled to all the balance of the money which may be due from the defendant. That it is obvious, continues the defendant, that the whole of the recovery was not profit, and therefore there should have been a several judgment rendered declaring the amount to which each party is entitled.

It is not claimed that there was a misjoinder of parties plaintiff; and conceding, as asserted, that a several judgment should have been given and made specifying the amount to which each plaintiff was entitled under the contract and assignment, still we think, with the attorney for the plaintiffs, that this is a matter with which the defendant has no concern. The defendant does not question the amount of the award; and as the findings and judgment are satisfactory to the plaintiffs, no substantial right of the defendant is impaired, and hence he cannot be heard to complain.

Defendant also assigns as error the allowance by the trial court of interest upon the amount found due from the date of the commencement of the action. We think, however, that the court's action in this regard must be sustained. The court did not allow interest upon the whole recovery, but only upon the amount found due under the contract for laying track, and upon an item of $174.50, part of the amount found due for other work under the contract. As to the former amount, it was easily and readily ascertainable by calculation, i. e., by measuring the distance of track laid, and multiplying the number of miles by the amount per mile that the defendant agreed to pay. (*Clark* v. *Dutton,* 69 Ill. 521; *Courteney* v. *Standard Box Co.,* 16 Cal. App. 600, [117 Pac. 778] ; *Martyn* v. *Western Pacific Ry. Co.,* 21 Cal. App. 589, [132 Pac. 602] ; *Robinson* v. *American Fish Co.,* 17 Cal. App. 212, [119 Pac. 388].) We do not think that the fact that there was a dispute between the parties as to the quantity of work done

had the effect of rendering plaintiffs' demand unascertainable by calculation.

As to the second item, viz., $174.50, the same principle would seem to apply. This amount became due under a provision of the contract that work done other than track laying should be compensated for by reimbursing to plaintiffs its cost, and adding ten per cent thereto. Under such a contract the defendant would undoubtedly be entitled to be informed of the precise items of cost entering into it; and being furnished with this information the amount due became readily ascertainable by calculation. Nor would the fact that the defendant denied the amount of the cost charged against it, if the court found against defendant's contention, deprive the plaintiff of the right to recover interest.

The judgment appealed from is affirmed.

Lennon, P. J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 11, 1913.