[Civ. No. 4483.  First Appellate District, Division One.—June 25, 1923.]

## WESTERN LITHOGRAPH CO. (a Corporation), Respondent, v. VANOMAR PRODUCERS (a Corporation), Appellant.

[1] INTEREST—SALE OF GOODS—DEFERRED PAYMENTS—CONTRACTS.— The contract for the sale to defendant of certain labels manufactured by plaintiff, which was entered into prior to November 5, 1918, having bound defendant to pay plaintiff the amount due upon delivery as specified therein within a stated time after delivery had been made, under section 1917 of the Civil Code interest began to run upon the deferred payments, at the rate of seven per cent per annum, from the date such payments became due.

[2] ID.—TERMINATION OF LIABILITY—TENDER—EXCESSIVE DEMANDS.— The only way in which the defendant could have avoided or terminated his liability to pay interest under such agreement would have been to have made a tender of payment of the whole amount of the principal and interest due up to the date of such tender, and he was not excused from making such tender by the mere fact that plaintiff was demanding a much larger sum than was actually due, basing such demand upon an alleged subsequent agreement which the court found to be without consideration and void.

APPEAL from a judgment of the Superior Court of Los Angeles County.  L. H. Valentine, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Frank Bryant for Appellant.

E. A. Lane for Respondent.

RICHARDS, J.—This is an action for the recovery of the purchase price of certain fruit labels manufactured by plaintiff upon the defendant's order and delivered to it. The original complaint herein contained two counts, each in the form of the common count, the first of which was

2. Necessity of keeping tender good to stop running of interest, notes, 5 A. L. R. 1230; 12 A. L. R. 953.

for the recovery of $9,525.70, in which sum it was alleged the defendant was indebted to the plaintiff for labels, stationery, and merchandise sold and delivered to the defendant at its special instance and request; the second count was for the recovery of the same sum alleged to be the reasonable value of said labels, stationery, and merchandise sold and delivered to the defendant as averred in the first count. The answer of the defendant denied that the defendant was indebted to the plaintiff in the sum of $9,525.70 or in any other sum whatsoever in excess of the sum of $6,788.41, on account of said transaction, and alleged that the said admitted indebtedness of defendant to plaintiff arose out of a certain agreement in writing entered into between plaintiff and defendant's predecessor for the purchase and sale of said labels, stationery, and merchandise for said last-named price. The cause went to trial upon the issues as thus framed and upon said trial the plaintiff presented in evidence the agreement in writing between the parties referred to in the defendant's answer as of the date of February 16, 1916, with evidence showing that the said agreement, the term of which was five years, had been performed by it for the year 1916 by the delivery of said merchandise at the prices stipulated therein; but that during the following year the cost of labor and material had so increased as to materially affect the cost of manufacture of said labels; and that the plaintiff had procured from the president and general manager of the defendant a letter consenting to an increase in the price of the labels to be thereafter supplied under said former agreement. The defendant denied the validity of this later arrangement and offered evidence tending to show that its said official had no authority to make the same. It also contended that said later arrangement, even if legally made, was without consideration and therefore void. The trial court found in favor of the plaintiff upon the facts as thus presented and gave judgment in its favor for practically the amount claimed in its complaint. The cause was appealed by the defendant to the supreme court where the judgment was reversed upon the second ground urged by the appellant, viz., that the subsequent agreement to pay a higher price for said labels than that provided in the original agreement was void as without con-

sideration, the decision of the supreme court to that effect being reported in *Western Lithograph Co.* v. *Vanomar Producers,* 185 Cal. 366 [197 Pac. 103].

The cause having thus been remanded for a new trial, the plaintiff by stipulation between the parties was permitted to file an amended complaint in two counts, which were in substantially the form of those in the original complaint except as to the amount of the recovery sought, which in the first count therein was stated to be a balance due of $8,897.14, with interest from the date of delivery amounting to the sum of $558.83, and making a total of $9,455.97, which the plaintiff claimed to still remain due and unpaid. To this first amended complaint the defendant filed an answer in substantially the same form, somewhat amplified, of its original answer, denying that any sum in excess of $6,788.41 was due the plaintiff and setting forth in the form of an exhibit to its said answer the original agreement between the parties. The cause again came to trial upon the issues thus presented and was submitted to the trial court upon a stipulation between the parties providing that the reporter's transcript of the evidence taken and admitted at the former trial should be admitted in evidence with the same force and effect as the retrial of the cause; and that certain additional facts covering the amount of labels actually delivered according to the invoices; and also as to certain demands made by the plaintiff for the payment of the larger sum claimed to be due prior to the former trial and appeal and as to the fact that no demand had been made by plaintiff for any payment under the precise terms of the original agreement since the decision of the supreme court reversing the former judgment. The cause being again submitted for decision upon the record as thus presented the trial court duly made and filed its findings of fact and conclusions of law wherein it was found that within two years prior to the commencement of the action the plaintiff had sold and delivered to the defendant certain labels, stationery, and merchandise pursuant to the express contract of February 16, 1916, as set forth in the pleadings of the parties and pursuant to no implied or other agreement and that there was due and payable to plaintiff therefor after deducting all payments and offsets, the sum of $7,309; and

that there was also due and payable to said plaintiff interest at seven per cent per annum figured upon each invoice of said merchandise beginning after the lapse of thirty days from the delivery of the same down to the date of judgment, said interest aggregating the sum of $2,026, the total aggregate of said sums due with interest as thus computed amounting to the sum of $9,335, for which sum judgment was ordered and entered in the plaintiff's favor. This appeal is from said judgment.

[1] The only serious contention which the appellant makes upon this appeal relates to the allowance of interest. The appellant predicates this contention upon the fact that the plaintiff in its original complaint and upon the former trial of the cause was insisting upon the recovery of a larger sum than that which would have been due under the original contract of the parties, relying upon the subsequent agreement for an increase in the price of labels. This, according to the appellant's contention upon this appeal, rendered the balance due the plaintiff uncertain until the date of the second judgment rendered in the action. There is no semblance of merit in this contention, since it is not only at variance with the defendant's own position and claim that its conceded liability arose and at all times existed, under the express terms of the original written agreement pleaded in its original answer and set forth in full as an exhibit to its amended answer, but it is also at variance with the findings of the court upon the second trial of the action that the rights and liabilities of the parties were fixed by the terms of said original agreement in writing. It being thus the fact that the plaintiff's rights and the amount of its recovery of both principal and interest were fixed as the defendant always heretofore contended, and as the trial court finally found, by the terms of said express contract, the first clause of section 1917 of the Civil Code as it existed prior to November 5, 1918, and the provisions of the initiative law relating to interest which became effective on said last named date, had full application to the plaintiff's right to interest upon the principal sum payable under the terms of said contract after the same fell due. The amount of interest to which the one party is entitled or for which the other is bound is not determinable by the misconceptions of the parties

as to their rights or duties under the terms of their express contract, but by the terms of the contract itself as finally interpreted by the court. By the terms of this contract the defendant was bound to pay plaintiff the amount due upon his delivery as specified therein within a stated time after such delivery had been made and interest began to run upon such deferred payments under the foregoing provisions of the law relating to interest from the date they became due. [2] The only way in which the defendant could have avoided or terminated his liability to pay interest under his said agreement would have been to have made a tender of payment of the whole amount of principal and interest due up to the date of such tender. (Sutherland on Damages, 4th ed., sec. 266; *Wadleigh* v. *Phelps,* 149 Cal. 627 [87 Pac. 93].) The defendant made no such tender at any stage of the case and he was not excused from doing so by the mere fact that the plaintiff was demanding a much larger sum than was actually due, since the defendant's right and duty in that regard are defined by the provisions of sections 1500 and 1504 of the Civil Code and are not measured by the plaintiff's insistence as to the amount which it claims to be due. (*Robinson* v. *American Fish Co.,* 17 Cal. App. 212–220 [119 Pac. 388]; *Fairchild* v. *Bay Point etc. Ry. Co.,* 22 Cal. App. 328 [134 Pac. 338]; *Brazil* v. *Azevedo,* 32 Cal. App. 364 [62 Pac. 1049].)

There is no other point made by the appellant deserving of serious consideration.

The judgment is affirmed.

Tyler, P. J., and St. Sure, J., concurred.