[Civ. No. 3063.  Third Appellate District.—February 24, 1926.]

## JOHN KAMMERER, Respondent, v. GUISEPPE MARINO et al., Appellants.

[1] FINDINGS — EVIDENCE — JUDGMENT — APPEAL — PRESUMPTION.— Where the trial court fails to find on certain affirmative matters pleaded in the answer of the defendants, and the appeal from the judgment in favor of the plaintiff is on the judgment-roll alone, it must be presumed in support of such judgment that no evidence was offered to prove such affirmative allegations and therefore no finding thereon was required.

[2] ID.—VARIANCE—APPEAL—PRESUMPTION.—Where a complaint alleges that plaintiff furnished to defendants certain grape-boxes and, without objection from defendants, evidence is introduced showing that plaintiff furnished materials for making boxes, the court may properly find in accordance with the facts as proven; and where the trial court so finds and the appeal is on the judgment-roll alone, and there is no showing that defendants objected to the introduction of such evidence on the ground of variance, it must be presumed that the parties treated the complaint as sufficient to justify the admission of the evidence and that such evidence was introduced without objection.

---

1. See 2 Cal. Jur. 873.
2. See 2 Cal. Jur. 867.

[3] ID.—SERVICES OF MINOR SON—RECOVERY BY FATHER.—Where the complaint alleges that plaintiff performed work and labor for the defendants, and the evidence, admitted without objection from defendants, shows that the services were performed by plaintiff's minor son, it is not error for the trial court to find in favor of plaintiff for the work and labor performed by said minor son.

[4] ID.—AGREED COMPENSATION—INTEREST—JUDGMENT—APPEAL—PRESUMPTION.—In an action to recover for grapes sold, materials furnished, and labor performed, where the trial court allows interest upon the amount of the several claims sued upon from the time they became due and payable, and the appeal is on the judgment-roll alone, it will be presumed in support of the judgment that the several causes of action are based upon contracts in which the rates of compensation were agreed upon in advance and that the amounts due thereon were capable of being made certain by mere calculation, in which case interest is allowable from the time payment became due.

[5] ID.—DISPUTE AS TO QUANTITY—EXCESSIVE DEMAND—INTEREST.— The fact that there was a dispute between the parties as to the quantity of grapes or materials furnished or work done did not have the effect of rendering plaintiff's demands unascertainable by calculation; and the mere fact that plaintiff demanded more than was due is not a sufficient ground for disallowing interest, as defendants could have avoided their liability to pay interest by tendering the amount actually due plaintiff.

---

(1) 4 C. J., p. 776, n. 48.   (2) 4 C. J., p. 776, n. 49 New; 31 Cyc., p. 756, n. 79; 38 Cyc., p. 1394, n. 43.   (3) 31 Cyc., p. 756, n. 79; 38 Cyc., p. 1394, n. 43.   (4) 4 C. J., p. 781, n. 23; 33 C. J., p. 212, n. 18.   (5) 33 C. J., p. 190, n. 13, p. 212, n. 18 New.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge. Affirmed.

The facts are stated in the opinion of the court.

V. L. Hatfield, Martin I. Welsh, W. H. Hatfield, and Donald R. Green for Appellants.

C. E. McLaughlin and C. P. McLaughlin for Respondent.

FINCH, P. J.—This is an appeal on the judgment-roll alone from the judgment herein in favor of plaintiff.

The complaint states separately five causes of action. The first count alleges the delivery of a certain quantity of grapes by plaintiff to defendants at an agreed price. The

second alleges that "at the special instance and request of defendants plaintiff furnished boxes for said grapes to the value of $1493.57." The third alleges that "Phillip Ehersman sold and delivered to defendants at their special instance . . . 5876 pounds of grapes at $75 per ton," and that Ehersman assigned his claim therefor to plaintiff. The fourth alleges that on the first day of December, 1921, the defendants were indebted to John J. Kammerer in the sum of $19.25 for work and labor and that he assigned his claim therefor to plaintiff. The fifth alleges that "plaintiff, . . . at the special instance and request of said defendants, performed work and labor for said defendants in the sum of $101.45." Each count alleges the amount due and unpaid thereunder and that payment thereof was demanded and refused. The court found against appellants in accordance with the allegations of the third and fourth counts and also as alleged in the first count, except that a smaller quantity of grapes was found to have been delivered than was alleged. As to the second count, the court found that the amount alleged therein was due and unpaid from appellants to plaintiff "as the balance due and unpaid for materials for making boxes, to-wit: box lumber, laths and nails furnished by plaintiff to said defendants at their special instance and request, . . . and for transporting and trucking box lumber." As to the fifth count, the court found that "plaintiff, by and through his minor son, David Kammerer, . . . performed work and labor in making and putting grape boxes or lugs together at the special instance and request" of appellants "in the sum of $311.45. That said defendants have paid to plaintiff on account of said work and labor the sum of $210, leaving a balance of $101.45 due" from appellants to plaintiff. Judgment was entered for the total amount remaining unpaid, "together with interest thereon from the 1st day of November, 1921, at the rate of seven per cent per annum."

[1] The appellants alleged certain affirmative matters in their answer to the complaint and the court made no direct finding thereon. Appellants contend that such omission constitutes error. Since the evidence has not been brought up, it must be presumed in support of the judgment that no evidence was offered to prove such affirmative allegations and therefore no findings thereon were required. (*Hertel* v. *Emireck,* 178 Cal. 534 [174 Pac. 30]; *Mohr* v.

*North Rawhide Min. etc. Co.,* 177 Cal. 264 [170 Pac. 600];
*Continental Nat. Bank* v. *Stoltz,* 46 Cal. App. 532 [189 Pac.
712]; *Terry* v. *Southwestern Building Co.,* 43 Cal. App. 366
[185 Pac. 212].)

[2] Appellants urge that the finding relative to the
second cause of action is outside the issues raised by the
pleadings. Upon objection at the trial that evidence offered
for the purpose of showing that plaintiff furnished "ma-
terials for making boxes" was not admissible to prove that he
"furnished boxes," the court doubtless would have per-
mitted an amendment to overcome the objection. As the
record fails to show that any such objection was made, it
must be presumed that the parties treated the complaint as
sufficient to justify the admission of the evidence and that
such evidence was introduced without objection. (*Silvers* v.
*Grossman,* 183 Cal. 696, 702 [192 Pac. 534], and cases there
cited.) Under such circumstances, it was proper for the
court to "direct the fact to be found according to the evi-
dence." (Code Civ. Proc., sec. 470.) [3] For like reasons,
it was not error to find in favor of plaintiff for work and
labor performed by his minor son. (*Cannon* v. *McKenzie,*
3 Cal. App. 286, 290 [85 Pac. 130].) The plaintiff was en-
titled to the earnings of his son. (Civ. Code, sec. 197.)

[4] The court allowed the plaintiff interest upon the
amount of the several claims from the time they became due
and payable. Appellants contend that such claims were un-
liquidated and that therefore interest should have been al-
lowed only from the date of the judgment. The presumption
in support of the judgment is that the several causes of
action are based upon contracts in which the rates of com-
pensation were agreed upon in advance and that the amounts
due thereon were capable of being made certain by mere
calculation. In such a case, interest is allowable from the
time payment becomes due. (*Gray* v. *Bekins,* 186 Cal. 389,
399 [199 Pac. 767]; *Western Lithograph Co.* v. *Vanomar Pro-
ducers,* 62 Cal. App. 644, 647 [217 Pac. 534]; *Robinson* v.
*American Fish etc. Co.,* 17 Cal. App. 212, 220 [119 Pac. 388].)

[5] The fact that there was a dispute between the parties
as to the quantity of grapes or materials furnished or work
done did not have the effect of rendering plaintiff's demands
unascertainable by calculation. (*Fairchild* v. *Bay Point etc.
Ry. Co.,* 22 Cal. App. 328, 330 [134 Pac. 338].) Appellants

could have avoided their liability to pay interest by tendering the amount actually due plaintiff. The mere fact that plaintiff demanded more than was due is not a sufficient ground for disallowing interest. (*Western L. Co.* v. *Vanomar Producers, supra.*)

The judgment is affirmed.

Pullen, J., *pro tem.*, and Plummer, J., concurred.