[Civ. No. 23557.  Second Dist., Div. Two.  Mar. 30, 1959.]

ANSCO CONSTRUCTION COMPANY (a Corporation), Appellant, v. OCEAN VIEW ESTATES, INC. (a Corporation), Respondent.

Arthur D. Guy for Appellant.

No appearance for Respondent.

ASHBURN, J.—This is an action for recovery of compensation for certain labor and materials furnished defendant (general contractor) in the excavation and construction of certain streets, curbs, gutters, etc., in a designated tract in the city of Palos Verdes Estates. The judgment runs in favor of plaintiff, but it appeals from (1) that portion which denies any interest prior to date of judgment, and (2) that portion which fixes an attorney fee for plaintiff, the claim being that the allowance of $264.20 was so small as to amount to an abuse of discretion. Respondent has filed no brief.

Appellant submitted a written bid for the job consisting of nine separate items, exemplified by number 1: ''Excavate

from street areas and spread on adjacent lots and/or street areas. Approx: 8000 cu yds of earth at $0.61 per cu. yd.= 4880.00.'' The bid items were carried into a written contract in the same form and figures. The total set forth in each document was: ''Approx: total cost $28,590.56.'' The addition was erroneous. The total should have been $33,421.76;[1] difference was $4,831.20. Apparently the error was mutual and was not discovered until about May 27, 1957, when plaintiff billed defendant, after completion of the work, for the sum of $33,541.44, less a progress payment defendant had made in the sum of $5,240; net amount claimed being $28,301.44. Thereupon a controversy arose as to whether the contract was one for doing the work at an agreed price or upon a unit basis. Plaintiff sued for $28,301.44 with interest at 10 per cent per annum from June 10, 1957; its portion of the work was completed on May 25, 1957, and accepted by the city on June 11, 1957. The complaint also prayed for a reasonable attorney fee of $3,500.

The contract contained these pertinent provisions which enter into the determination of the questions of right to interest and amount of attorney fees: ''That quantities of excavation and fill to be calculated from grade sheets established by your Engineer for the rough grading of tract. . . . TERMS: Net cash, labor, material and equipment jobs, each completed portion payable within 10 days after date of completion of such portion. . . . 1. If account is not paid when due, interest will be charged at the rate of 10% per annum. . . . 9. Any attorney fees, costs or other expenses which may be incurred in the collection of monies due under this contract and/or in connection with any action involving this contract, will be paid by the buyer.''

The action was filed on August 1, 1957. Before trial and on November 6, 1957, defendant paid to plaintiff $23,356.56. After crediting this sum and the progress payment of $5,240 the court reached the conclusion that the net amount due was $4,504.81 for which amount judgment was rendered. This was predicated upon a finding that ''the actual quantities of materials and work performed by the plaintiff'' at the prescribed rates was $33,101.37. Defendant did not dispute this at the trial but rested its defense upon a denial of any amount due, this upon the theory that the contract required plaintiff to do the work at a stipulated cost of $28,590.56. ''Plaintiff's

---

[1]There are certain discrepancies in the figures found in this record but we have deemed it unnecessary to undertake the task of reconciling them.

Exhibit III was introduced in evidence, without objection, which document contains a statement of the final quantities of labor and materials furnished to the defendant for the improvement of the defendant's tract of land. No evidence whatsoever was introduced by the defendant tending to show that plaintiff had not, in fact, furnished the quantities of labor and materials stated in plaintiff's Exhibit III.'' (Narrative Statement p. 2.) Respondent's failure to file a brief confesses the correctness of the findings and the sufficiency of the evidence to support them. (See 4 Cal.Jur.2d, § 496, p. 334.)

Plaintiff claimed interest from June 10, 1957, upon the sum of $28,301.44, at 10 per cent per annum. The court found the amount due to be $4,504.81 and denied interest except upon the judgment rendered on April 3, 1958.

The contract itself provides for interest from due date at 10 per cent per annum. Section 3289, Civil Code, says: ''Any legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation.''

Aside from any contractual provision interest is awarded as damages by way of compensation for wrongful detention of money due plaintiff. (*Sears, Roebuck & Co.* v. *Blade*, 139 Cal.App.2d 580, 595 [294 P.2d 140].) But this occurs only when the sum is liquidated within the purview of Civil Code, section 3287 and the pertinent authorities. That section says: ''Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt.''

Liquidated damages have been defined ''as those which were certain by computation from the face of the contract, or which might be made certain by reference to well-established market values plus computation.'' (*Lineman* v. *Schmid*, 32 Cal.2d 204, 209 [195 P.2d 408, 4 A.L.R.2d 1380].) ''The contention is made that the amount which the plaintiffs are entitled to recover in this case is unliquidated, and therefore interest should not be allowed until the entry of judgment. This contention, however, is not determinative of the question of interest. If the amount of the indebtedness or the amount owing can be calculated and determined from the statements rendered by the plaintiffs to the defendants, and that statement is found to be true and correct, it is a matter of mere

calculation." (*Anselmo* v. *Sebastiani*, 219 Cal. 292, 301 [26 P.2d 1].) To the same effect, see *Engelberg* v. *Sebastiani*, 207 Cal. 727, 729 [279 P. 795]; *Chase* v. *National Indemnity Co.*, 129 Cal.App.2d 853, 865 [278 P.2d 68]; 28 Cal.Jur.2d § 5, pp. 399-400. Such was the situation at bar.

█ The trial judge's ruling was controlled by the consideration that liability for any amount in excess of the sums paid before trial (i.e. $4,504.81) was the subject and the only subject of a bona fide dispute. But that is a false quantity in the problem. "The amount of interest to which the one party is entitled or for which the other is bound is not determinable by the misconceptions of the parties as to their rights or duties under the terms of their express contract, but by the terms of the contract itself as finally interpreted by the court. By the terms of this contract the defendant was bound to pay plaintiff the amount due upon his delivery as specified therein within a stated time after such delivery had been made and interest began to run upon such deferred payments under the foregoing provisions of the law relating to interest from the date they became due. The only way in which the defendant could have avoided or terminated his liability to pay interest under his said agreement would have been to have made a tender of payment of the whole amount of principal and interest due up to the date of such tender." (*Western Lithograph Co.* v. *Vanomar Producers*, 62 Cal.App. 644, 647 [217 P. 534].)

█ " 'A dispute as to the price agreed, or as to the amount of work done or its cost, will not prevent the allowance of interest. . . . Where the data necessary to determine the amount due are supplied to the debtor by an invoice or statement, he will be charged with interest for failure to pay.' " (*Anselmo* v. *Sebastiani, supra*, 219 Cal. 292, 301.) Accord: *Koyer* v. *Detroit F. & M. Ins. Co.*, 9 Cal.2d 336, 346 [70 P.2d 927]; *Fairchild* v. *Bay Point, etc. Ry. Co.*, 22 Cal.App. 328, 330 [134 P. 338]; *Kammerer* v. *Marino*, 76 Cal.App. 635, 638-639 [245 P. 432]; *Maurice L. Bein, Inc.* v. *Housing Authority*, 157 Cal.App.2d 670, 686 [321 P.2d 753].

█ The trial judge made another error in the matter of interest. Plaintiff had to sue for $28,301.44, plus interest from June 10, 1957, and the action was filed on August 1, 1957. It was not until November 6, 1957, that the sum of $23,356.56 was paid. It did not constitute payment in full, served only as a payment on account and plaintiff was entitled to interest at the rate of 10 per cent upon its entire claim until November 6, 1957, and upon $4,504.81 until date of judgment.

■ The contract provision for attorney fees, above quoted, connotes a reasonable amount in the light of all the circumstances. The trial judge computed the fee in accordance with rule 12 of the Superior Court of Los Angeles County,[2] and used $4,504.81 as the basis.

At the close of the trial plaintiff's attorney testified that his services were worth $1,200 or $1,400. The following colloquy then occurred: "THE COURT: There isn't any doubt about that in my mind. I think the work done and accomplishments are worth more, but I don't think I have the jurisdiction to award more than $264.20. MR. GUY: May I leave that matter open? THE COURT: Yes. MR. SHEARER: You stated before you made your ruling that you felt there was some error on both sides. I don't question the value of what Mr. Guy has done and I know his time is worth $1200 or $1400." Feeling bound by the rule the judge fixed the fee at $264.20 Later a motion to reopen the cause was granted for the purpose of considering the matter of attorney fees. Plaintiff's attorney then presented an affidavit with a detailed schedule of his services showing 57 hours and 25 minutes devoted to the case and a valuation of $1,722.50 on the services. Defendant submitted a "Statement in Opposition" to the motion to reopen, which contained this sentence: "Counsel for defendant will not question the fact that plaintiff's counsel has spend a great deal of time in the preparation and presentation of this case." The court receded from its former position that rule 12 imposed a jurisdictional restriction upon his discretion but adhered to the view that the

---

[2] "Section 1. When an attorney's fee is allowed on a recovery on a promissory note or other contract providing for payment of a reasonable attorney's fee, and no foreclosure of a mortgage or trust deed is involved, a reasonable attorney's fee shall be deemed to be the amount computed by applying to the amount recovered, exclusive of costs, the appropriate schedule hereinafter set forth, in addition to which a further allowance may be made for extraordinary services, on compliance with section 5 of this rule. . . .

"In a contested case or a case required to be set for trial: For the first $1000 or part thereof, at the rate of ten per cent, with a minimum of $100; for the next $9000, at the rate of four per cent; for the next $10,000, at the rate of three per cent; for the next $30,000, at the rate of two per cent; for the next $50,000, at the rate of one per cent; and for all above $100,000, at the rate of one-half of one per cent. . . .

"Section 5. Every application for compensation for extraordinary services rendered by an attorney in any case mentioned in section 1, section 2 or section 3 of this rule, or in a probate proceeding, and every application in any other case, as authorized by law, for allowance, fixing or recovery of attorneys' fees, shall be accompanied by an itemized statement of the services rendered or to be rendered by any attorney for or in respect to whose services such application is made."

rule should be applied at bar. In view of the showing made by plaintiff's attorney and the concessions voiced by defendant's counsel and the judge, this ruling appears as a matter of law to be an abuse of discretion for it does not award to plaintiff an amount which both parties indicated would be reasonable. Moreover, it withholds from plaintiff most of the amount which the judge himself indicated to be reasonable.

That rule 12 could not control the court's discretion seems clear. We need not pause to inquire as to the binding effect of rules prescribed by the Judicial Council for the Superior Courts (*cf. Cantillon* v. *Superior Court*, 150 Cal.App.2d 184 [309 P.2d 890]), for rule 12 was adopted by the judges of the superior court for their own governance and is not directed toward the conduct of parties or counsel. The judges are free to depart from its provisions whenever the interests of justice require, as here. (*Flagg* v. *Puterbaugh*, 98 Cal. 134, 136 [32 P. 863]; *People* v. *Williams*, 32 Cal. 280, 287-288; *Baxter* v. *Boston-Pacific Oil Co.*, 81 Cal.App. 187, 189 [253 P. 185]; *Pickett* v. *Wallace*, 54 Cal. 147, 148; *People* v. *Demasters*, 105 Cal. 669, 673 [39 P. 35]; *Connell* v. *Higgins*, 170 Cal. 541, 546 [150 P. 769].)

It was also error (which doubtless will not be repeated on the next hearing) for the judge to refuse to take into consideration services directed toward collection of the entire $28,301.44, for it was not until November 6th, over two months after suit filed, that defendant paid what it then conceded to be due. Its answer, filed on August 23, 1957, alleged the receipt of plaintiff's statement for $33,541.44, and further averred: "Defendant is informed and believes and upon such information and belief alleges that plaintiff did not furnish the amounts of materials or move the amounts of earth set forth in said statement. Defendant will have said items checked by its engineers and request permission of the court to offer these items in evidence at the time of trial or to amend their complaint if required." Although the answer also alleged that defendant's indebtedness was the principal sum of $23,350.56 and prayed that it be so adjudged, the pleading was equivocal to say the least, and plaintiff's attorney was required to be prepared to prove plaintiff's entire claim.

The portions of the judgment from which plaintiff has appealed are reversed.

Fox, P. J., and Herndon, J., concurred.