HENDRY, Chief Judge.
This is an interlocutory appeal by plaintiff from an order entered after final judgment pursuant to Rule 4.2, subd. a Florida Appellate Rules, 31 F.S.A.
On April 29, 1963, the plaintiff, Earl L. Stager, obtained a judgment in the amount of $15,000.00 against the defendant, Florida East Coast Railway Company. Plaintiff believed the verdict to be inadequate and appealed the same to this court. The judgment was affirmed on April 7, 1964, and a petition for rehearing was denied on May 6, 1964.[1] On May 20, 1964, the defendant tendered a draft in the amount of the principal sum, without interest, which was refused by the plaintiff.
Thereafter, plaintiff took an unsuccessful petition for writ of certiorari to our Supreme Court,[2] and an unsuccessful petition for writ of certiorari to the Supreme Court of the United States.[3]
Upon the conclusion of the proceedings in the Supreme Court of the United States, the defendant again tendered a draft in the amount of the judgment, without interest, which was refused by the plaintiff.
Plaintiff filed a motion in the circuit court to compel the payment of the judgment with interest from the date of the judgment to the present. The circuit court ordered the defendant to pay interest on the judgment from the date of the judgment to the date of the initial tender, May 20, 1964.
*193 The plaintiff contends that under § 55.03, Fla.Stat., F.S.A.,[4] he is entitled to interest on the judgment to the present time in the absence of a valid tender, and that a check in the amount of the judgment without interest containing a release of plaintiff’s claim is not a valid tender.
The defendant filed a cross-assignment of error and argues that a party who obtains a judgment and unsuccessfully appeals the judgment is not entitled to interest upon the judgment during the period of time in which the judgment is under appeal.
The question of whether interest accrues where the successful party contests the verdict is one of first impression in this jurisdiction. While there is a split among other jurisdictions, the reasoning of the Supreme Court of California in Beeler v. American Trust Company, 28 Cal.2d 435, 170 P.2d 439, 441 (1946) leads to the better rule:[5]
“ * * * An appeal does not stop the running of interest, and to obtain such result the obligor must make a sufficient tender. Ferrea v. Tubbs, 125 Cal. 687, 692, 58 P. 308. Appellant makes no claim that a tender or offer of payment was made after the entry of judgment or pending the appeal, but merely assumes that it would have been rejected if made. In such assumption, appellant indulges in pure speculation as to a claim which could easily have been demonstrated as a matter of fact. The only way in which appellant could have avoided or terminated his liability to pay interest during pendency of the appeal was to have made an actual tender. Western Lithograph Co. v. Vanomar Producers, 62 Cal.App. 644, 648, 217 P. 534. Otherwise, analogous considerations would require that in any case in which the proper amount of a money judgment might be at issue on appeal, a tender of the amount admitted to be owing would be unnecessary because it presumably would be rejected and the running of interest should therefore automatically be stopped until the decision becomes final upon appellate review. * * ”
Prior to 1955, the courts of Illinois held that an appealing judgment creditor was not entitled to interest on his judgment pending disposition of the appeal, since the delay in payment was either wholly or partly occasioned by his action in appealing or cross-appealing.[6] In 1955, the Illinois legislature added a proviso to their interest act which provided that tender of judgment costs and interest accrued to date of tender would stop the further accrual of interest notwithstanding an appeal. In construing this proviso, the Supreme Court of Illinois stated:
“ * * * The accrual of interest upon the judgment, regardless of by whom appealed, is only an extension to its logical terminus of the ‘make the plaintiff whole’ philosophy. This result works no hardship on the judgment debtor because the interest accrues only if and during such time as he fails to make a valid tender. A tender, within the legal meaning of the word, once made, stops the accrual of interest instanter. If the judgment debt- or makes no tender, he benefits from the use of the money which by his failure to appeal he concedes is due the plaintiff. Thus, he still has the clear cut choice which he always had.” [7]
*194 Having concluded that the foregoing represents the better view we hold that the prosecution of an appeal by the successful party does not stop the running of interest, and that the accrual of interest will be terminated by a tender of payment sufficient at law.
The court below erroneously held that the tender of payment made by the defendant on May 20, 1964 was sufficient to stop the running of interest while recognizing that said tender did not include any interest.
A tender of less than the amount required is not a good tender.[8]
Thus, the order appealed must be reversed and the cause remanded with directions to enter an order not inconsistent with this decision.
Reversed and remanded.

. Stager v. Florida East Coast Railway Company, Fla.App.1964, 163 So.2d 15.

. Stager v. Florida East Coast Railway Company, Fla.1965, 174 So.2d 540.

. Stager v. Florida East Coast Railway Company, 382 U.S. 878, 86 S.Ct. 162, 15 L.Ed.2d 119.

. § 55.03, Fla.Stat., F.S.A. reads as follows :
“Judgments; rate of interest, generally
“All judgments (and decrees) shall bear interest at the rate of six per cent per annum; provided however, that when such judgment or decree shall be obtained or rendered on a written contract or obligation providing for interest at a less rate than six per cent per annum then such judgment or decree shall bear interest at the rate specified in such written contract or obligation.”

. See also: Woodmont, Inc. v. Daniels, 290 F.2d 186 (10th Cir. 1961); Kelly v. Redevelopment Auth. of Allegheny County, 411 Pa. 210, 191 A.2d 393 (1963).

. Pinkstaff v. Pennsylvania Railroad Company, 31 Ill.2d 518, 202 N.E.2d 512, 514 (1964).

. id., 202 N.E.2d at pages 515, 516.

. Morton v. Ansin, Fla.App.1961, 129 So.2d 177, 182.