778 So.2d 1063 (2001)
Robert HARTLEB, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, State of Florida, Appellee.
No. 4D00-1577.
District Court of Appeal of Florida, Fourth District.
February 28, 2001.
*1064 Douglas R. Bell of the Law Office of Bell & Bell, Fort Lauderdale, for appellant.
Pamela S. Leslie, General Counsel and Marianne A. Trussell, Deputy General Counsel, Tallahassee, for appellee.
FARMER, J.
After the trial court awarded attorneys' fees to the landowner in an eminent domain proceeding, DOT deposited the money into the court registry. Without taking the money, the landowner sought rehearing and unsuccessfully took appeals all the way to the supreme court. When the appeals were finally endednearly three years laterhe withdrew the funds from the court registry. The trial court denied his motion to compel DOT to pay interest for the period of the appeal proceedings while the money lay in the court registry. We reverse.
We start with the rule that the judgment debtor owes post-judgment interest "from the date of judgment until payment." § 55.03, Fla.Stat. (2000). DOT is not immune from this statutory liability for post judgment interest, Palm Beach County v. Town of Palm Beach, 579 So.2d 719, 720-721 (Fla.1991), but the landowner who withdraws funds deposited into the Court Registry by the condemnor gives up his appeal. See § 73.131, Fla.Stat. (2000) ("If, at any time after entry of the judgment, a defendant shall take out of the court the amount due him or her, any pending appeal taken by the defendant shall be dismissed by the appellate court....").
In this case the landowner did not withdraw the funds, however, but awaited the outcome of his appeals before asking for the money. Refusing to let him have his interest in this circumstance is unfair because:
"Denying interest ... would ... place on appellants in eminent domain proceedings an unjustified double burden having to choose between taking an appeal or taking the award, as well as having to prevail on appeal in order to receive present value of the award. Under such a scheme, only winners would receive the full compensation mandated by the state constitution."
Behm v. Division of Admin., Fla. Dep't of Transp., 383 So.2d 216, 219 (Fla.1980). See also Stone v. Jeffres, 208 So.2d 827, 829 (Fla.1968) (holding that post judgment interest on an award of attorneys' fees is not tolled during appellate review); Stager v. Florida East Coast Ry. Co., 189 So.2d 192, 194 (Fla. 3d DCA 1966) (holding that the prosecution of an appeal by the successful party does not stop the running of interest).
Thus, the landowner is entitled to postjudgment interest accruing until the day he withdrew the funds from the court registry.
REVERSED.
KLEIN and TAYLOR, JJ., concur.