[Civ. No. 3604.   First Appellate District, Division One.—December 27, 1920.]

## NILES SAND & ROCK CO. (a Corporation), Respondent, v. ROBERT B. MUIR et al., Appellants.

[1] SALES—SALE OF SAND AND GRAVEL BY WEIGHT—CONSTRUCTION OF CONTRACT.—A contract for the sale of sand and gravel which states "that 2,400 pounds will be accepted as the average weight per cubic yard of all of the above mentioned materials, and that bills will be paid for on that basis, at the rate of 75¢ per ton of 2,000 pounds f. o. b. cars," is a contract for purchase and sale by weight and not by measure, especially where the parties themselves so construe it by keeping an accurate account of each and every ton delivered, but no account is kept of the number of cubic yards delivered.

[2] APPEAL — SUFFICIENCY OF EVIDENCE TO SUPPORT PROPOSED FINDINGS — RECORD — PRESUMPTION.—Where, on appeal, error is predicated on the action of the trial court in refusing to sign certain findings proposed by the defendants, based upon the allegations of their answer and counterclaim, but the evidence taken at the trial is not before the appellate court, the record merely showing "that plaintiff and defendant introduced evidence on each and all of said allegations," the appellate court is unable to determine whether or not it was incumbent upon the trial court to make the findings which the defendants proposed, and, therefore, must presume, in favor of the judgment of the trial court, that the evidence was insufficient to justify such findings.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

R. H. Countryman for Appellants.

John L. McNab and Byron Coleman for Respondent.

WOOD, J., *pro tem.*—The plaintiff obtained a judgment against the defendants for $15,195.51 and interest thereon, and they have appealed upon the judgment-roll.

The court found that the contract between the parties was made in two letters, marked respectively "A" and

"B"; that "A" was written by Mr. Ford, the president of the plaintiff company following a discussion of the terms of the proposed contract held at the office of defendants; that "B" was written following a telephone conversation between Mr. Ford and Mr. Robert B. Muir, acting for the copartnership defendants, in which Mr. Muir rejected the letter as a proposal for a contract because, he asserted, it did not express all of the terms; that on the same day, December 14, 1914, the two letters were signed by Mr. Ford for the plaintiff corporation, marked "Accepted," and presented to Mr. Muir, who signed for the defendants below the word "Accepted." The bodies of these letters are as follows:

### "A."

"We herewith submit our proposal to supply all the concrete gravel and crushed gravel and sand for use in the construction of the Twin Peaks tunnel, San Francisco, at 75¢ per ton of two thousand pounds f. o. b. cars San Francisco; railway weights to govern as shown on freight bills. This price includes all freight charges to San Francisco, but does not include switching charges or trackage charges, if there be any."

### "B."

"Confirming conversation of even date in reference to our contract with you for supplying all of the sand, gravel and crushed gravel for concrete in constructing the San Francisco Twin Peaks Tunnel, we hereby mutually agree that when estimating the amount due us on each shipment made, the weights of materials as shown on freight bills of Southern Pacific Co. will be acceptable to both parties to this contract or agreement, and that 2400 pounds will be accepted as the average weight per cubic yard of all of the above mentioned materials, and that bills will be paid for on that basis, at the rate of 75¢ per ton of 2,000 pounds f. o. b. cars, which price includes all railway freight charges from Niles to San Francisco, but does not include any additional charges, such as switching charges or trackage charges, if there be any, at destination.

"Payments to be made at Niles Sand Gravel & Rock Co. by Storrie & Co. not later than the 20th of each month and every month for all material shipped from Niles to and including the last day of the preceding month."

The court found that by virtue of the terms of the agreement plaintiff agreed that the average weight per cubic yard of said material should be 2,400 pounds.

Further, there are findings that plaintiff duly performed all the conditions of the contract on its part to be performed; that it delivered 135,564.26 tons of said materials to defendants in full compliance with said agreement, for which defendants agreed to pay $103,116.19; that the reasonable value of said materials was seventy-five cents per ton for 2,000 pounds f. o. b. San Francisco, and that no part thereof except $87,920.68 had been paid, which left a balance of $15,195.51 owing to plaintiff.

There is the further finding that plaintiff delivered all of said material at the railroad spur-tracks in San Francisco and paid all the freight charges thereon to said railroad spur-tracks.

The principal ground of error claimed here is the refusal of the court to make certain findings in support of defendant's answer and counterclaim. Defendants in substance requested that the court find that the plaintiff warranted that the average weight of the materials would not exceed 2,400 pounds to the cubic yard, while in fact the sand delivered averaged in weight more than 3,000 pounds to the cubic yard, and all other materials averaged in weight more than 2,800 pounds to the cubic yard; also that the total number of cubic yards of sand delivered was 10,464.83, and the total number of cubic yards of other material delivered was 85,619, making a total of 96,083.83 cubic yards, and that because of the excess weight of sand and materials defendants paid out and were damaged in the sum of $7,603.31 for hauling, transportation, and carriage in excess of the amount they would have been obliged to pay if the sand and materials had not exceeded an average weight of 2,400 pounds per cubic yard.

[1] The theory of the defendants is that as plaintiff was to be paid seventy-five cents per ton of 2,000 pounds, and the weight was to average 2,400 pounds per cubic yard, this, in effect, was an agreement that the purchase price should be ninety cents per cubic yard, and that the court should have made a finding as to the number of cubic yards delivered, as well as the number of tons. The trouble with this theory is that the parties contracted for the purchase

and sale by *weight* and not by *measure;* and with this idea
in view, apparently an accurate account was' kept of each
and every ton delivered, while there is no suggestion that
a measurement was ever made or an account kept of every
cubic yard delivered. It is more than likely that the only
evidence before the court related to the weights of various
and separate cubic yards measured and weighed out by way
of sample. The court, however, found that 135,564.26 tons
of material was delivered, and this, taken in connection
with the finding that it performed the condition of the
agreement as to the average weight of 2,400 pounds per
cubic yard, is in effect a finding that approximately 113,000
cubic yards was delivered, and not 96,083.83 cubic yards, as
appellant requested the court to find.

[2] There is another reason why no error was shown on
the part of the court in refusing to sign the findings pro-
posed by the defendants. None of the evidence taken at
the trial is before this court. The record merely shows
"that plaintiff and defendant introduced evidence on each
and all of said allegations." In the absence of such evi-
dence as might have sufficed to sustain a finding of the
court upon the issues raised by the answer and counterclaim
we are unable to determine whether or not it was incumbent
upon the court to make the findings which the defendants
proposed. As against the presumption in favor of the judg-
ment upon appeal it must be made to affirmatively appear
that the evidence introduced was sufficient to authorize such
a finding as would "have the effect of invalidating a judg-
ment fully supported by the findings made." (*Himmelman*
v. *Henry,* 84 Cal. 104, [23 Pac. 1098].) "Such a finding,"
says the supreme court in *Winslow* v. *Gohransen,* 88 Cal.
450, [26 Pac. 504], "would not be authorized if the evidence
introduced was insufficient to sustain the allegations pre-
senting the issues, any more than it would if there were no
evidence introduced in reference thereto." (*Bliss* v. *Sneath,*
119 Cal. 526, [51 Pac. 848]; *Estate of Barclay,* 152 Cal.
758, [93 Pac. 1012].)

It is urged that the complaint is insufficient to support
the judgment because it appears therefrom that plaintiff
guaranteed that the average weight of the materials should
not exceed 2,400 pounds per cubic yard, but that no facts
are alleged showing that this condition of the agreement was

performed. There is an allegation, however, "that plaintiff fully complied with this and every other condition of the contract."

Assuming that there was a defective allegation in the complaint, section 475 of the Code of Civil Procedure provides that no judgment shall be reversed by reason of any defect unless it appears that the defect was prejudicial, and that by reason thereof the appellant suffered substantial injury, etc. The contrary not appearing we may assume in support of the judgment that no objection was made to the admission of evidence proving that respondent had complied with this condition of the contract. The answer alleged that the sand weighed more than 3,000 pounds per cubic yard, and that all other materials averaged in weight more than 2,800 pounds per cubic yard. The question as to the average weight of the materials per cubic yard was, in substance, the real issue presented by the pleadings and upon which evidence was introduced by the parties during a trial which lasted twenty-seven days. There is nothing to indicate that appellants suffered any injury because of the claimed defect in the pleading, and it must be disregarded.

It is urged that there is an error in mathematical calculations, and, consequently, that the findings do not support the judgment. It is undisputed that plaintiff delivered 135,564.26 tons of material at seventy-five cents per ton of 2,000 pounds, which amounts to only $101,673.19. The court found that the defendants agreed to pay $103,116.19, and that the reasonable value of the materials was $103,-116.19, and was and is seventy-five cents per ton of 2,000 pounds, and that no part of said sum had been paid except $87,920.68, leaving a balance of $15,195.51. Manifestly from these figures it appears that the balance due plaintiff is only $13,752.51, or $1,443 less than the amount found due by the findings.

The answer alleged that the total amount of money that became due to plaintiff under the contract was $86,475.68, and that they (defendants) paid to plaintiff $86,478.18 in full satisfaction of the claim, which was an overpayment of $2.50 made by mistake. It will be observed that the findings show that the defendants paid $1,442.50 in excess of the amount alleged in the answer. It is claimed by respondent, but disputed by appellants, that the error repre-

sents charges of $1,442.97 on respondent's ledger which were afterward credited on the other side, which did not affect the balance due. The record shows conclusively that the actual tonnage delivered was 135,564.26 tons, just as the court found it to be, and which at seventy-five cents per ton amounts to only $101,673.19. The findings declare that $87,920.68 has been paid. It is true that the court found that defendants agreed to pay $103,116.19, but there is not an intimation to be found anywhere that defendants agreed to pay for anything other than the 135,564.26 tons of materials. Furthermore, it cannot be presumed in the face of the court's finding that $87,920.68 had been paid, that any part of that sum represents a credit of some kind the nature of which is unexplained, and the fact disputed, or that it represents anything other than cash or its equivalent. Presumably the evidence established the fact that defendants paid more than the amount alleged in their answer.

From what has been said it follows that the findings do not support a judgment in excess of $13,752.51. It is therefore ordered that the judgment for the sum of $15,-195.31 entered herein be modified by reducing the amount thereof by the sum of $1,442.80, leaving as the proper balance due said plaintiff the sum of $13,752.51; and that as to said last-named sum the judgment should be, and is hereby, affirmed.

Richards, J., and Waste, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 26, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1921.

All the Justices concurred.