[Civ. No. 4027.   First Appellate District, Division Two.—December 6, 1921.]

NILES SAND, GRAVEL & ROCK CO. (a Corporation), Respondent, v. ROBERT B. MUIR et al., etc., Appellants.

[1] APPEAL—MODIFICATION OF JUDGMENT—CORRECTION OF ERRONEOUS COMPUTATION—INTEREST.—Where on appeal from a judgment in an action for material furnished under a written contract between the parties the judgment was modified to correct a mistake in arithmetical calculation as to the balance due the plaintiff, the trial court properly allowed interest on the reduced amount from the date of the delivery of the material to the date of the entry of the original judgment.

[2] ID.—RELATION TO DATE OF ORIGINAL JUDGMENT.—When the judgment of a trial court is merely modified upon appeal and not reversed, the modification thereof stands as of the date of the original judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. H. Countryman for Appellants.

John L. McNab and Byron Coleman for Respondent.

LANGDON, P. J.—In this action division one of this court rendered its judgment on December 27, 1920 (50 Cal. App. 637 [195 Pac. 699]), upon a former appeal, directing that the judgment theretofore rendered against defendants by the superior court for the sum of $15,195.31 be modified by reducing the amount thereof by the sum of $1,442.80, leaving a balance due said plaintiff of $13,752.51, and as to said last-named sum the judgment in favor of the plaintiff was affirmed.   In modifying the judgment in accordance with the opinion of the district court of appeal, division one, the trial court allowed interest on $13,752.51 from the date of the delivery of the merchandise to the defendants to the date of the entry of the original judgment.

The sole question presented upon this appeal is as to the propriety of the allowance of interest.

The action was brought by plaintiff for the amount due to it for certain goods, wares, and merchandise furnished to defendants consisting of concrete, gravel, crushed gravel, and sand for use in the construction of Twin Peaks tunnel in San Francisco. It was found by the trial court that the material was furnished under a written contract between the parties. It was also found that the defendants had agreed to pay seventy-five cents per ton for the material furnished by plaintiff and that 135,564.26 tons of same had been delivered by plaintiff to the defendants and that $87,920.68 had been paid by defendants upon account, all as alleged in plaintiff's complaint. As a matter of arithmetical calculation, this would leave a balance due plaintiff of $13,752.51. By mistake the judgment of the trial court was originally entered for $15,195.31, and upon appeal, division one of this court pointed out the discrepancy and reduced the judgment to accord with the findings made by the trial court. The modified judgment from which the present appeal is taken stands as a judgment upon a written contract, it having been found by the trial court that there were no offsets or counterclaims in favor of the defendants.

[1] The original judgment, before the modification, allowed interest on $15,195.31 at the rate of seven per cent from July 21, 1917, the date of the delivery of the materials, to October 15, 1919, the date of the judgment. This allowance of interest was proper under the rule of section 3287 of the Civil Code, and an examination of the opinion filed herein upon the former appeal clearly shows that there was no intention to modify the judgment with respect to the allowance of interest; on the contrary, the modification was confined to a change in the principal amount due. In modifying the judgment, the trial court, following the rule of section 3287 of the Civil Code, allowed interest upon the reduced amount of $13,752.51 for the above-stated period of time from the date of the delivery of the materials to October 15, 1919, the date of the entry of the original judgment. Since the court had found that the amount due was due upon a written contract to pay a definite price per ton for the materials furnished, the amount due by the de-

fendant was ascertainable by arithmetical calculation and was an amount "capable of being made certain" upon which interest was allowable. (*Keyes* v. *Nims,* 43 Cal. App. 1 [184 Pac. 695].)

[2] The further question discussed by appellant as to the propriety of the court's action in taking October 15, 1919 (the date of the entry of the original judgment), as the date of judgment in making its interest calculations rather than the later date when the modification of the judgment was actually made, is without merit. That question was considered in the case of *Barnhart* v. *Edwards,* 128 Cal. 572 [61 Pac. 176]. It is clear that when the judgment of a trial court is merely modified upon appeal and not reversed, the modification thereof stands as of the date of the original judgment.

There are no other matters which require discussion. The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1922.

All the Justices concurred.