[Civ. No. 6049. Third Appellate District.—June 1, 1938.]

RATTERREE LAND COMPANY, INC. (a Corporation), Respondent, v. SECURITY FIRST NATIONAL BANK, as Executor, etc., Appellant.

E. T. Young for Appellant.

Walter Lincoln Gould for Respondent.

THOMPSON, J.—The defendant has appealed from a judgment and order overruling its demurrer, on the theory that the complaint fails to state a cause of action for specific performance of a contract to sell real estate. It is asserted the complaint is fatally defective for the reasons that it fails to allege: 1. Adequacy of consideration; 2. That the contract was just and reasonable, and, 3. That the vendor tendered to the purchaser a deed of conveyance of the property. The appeal is upon the judgment roll only. The sole issue is the alleged insufficiency of the allegations of the complaint to state a cause of action for specific performance.

The appellant has clearly misconstrued the nature of the action. It does not purport to be a suit for specific performance. It is an action on a contract to recover the unpaid portion of the purchase price of real property according to the terms of the instrument.

The plaintiff owns lot 42, Tract 9758, in Los Angeles County. May 9, 1930, it executed a written contract to sell the lot to Mary C. Fourl for $5,000, upon instalment payments. The contract provides that:

"Should default be made in the payment of any installment of principal or interest when due, . . . the whole unpaid balance of said purchase price . . . shall become due and payable at the option of Seller, which may thereupon at its option, without notice of any kind to Buyer other than the filing of suit and service of papers therein, enforce its rights here-

under by forfeiture of all Buyer's rights under this contract, . . . in which case Seller may retain as rental for said premises all sums theretofore paid . . . , or Seller may . . . enforce its rights hereunder by an action for specific performance . . . *or for the recovery of the balance of the purchase price* with interest, . . . together with attorney's fees in a reasonable sum.''

The sum of $2,500 was paid on the contract. The purchaser defaulted in her payments after November 3, 1931. There was then due upon the contract the sum of $3,288.46, including unpaid interest on deferred payments. Mary C. Fourl died March 31, 1933. Upon proceedings duly had, the defendant, Security First National Bank, was appointed executor of her estate. A claim for the unpaid portion of the purchase price, together with interest and counsel fees, was served on the executor and filed in the estate. The claim was deemed to have been rejected. Notice of default was also served by the plaintiff in which its option was exercised to declare the entire unpaid portion of the purchase price to be due and payable. This suit for a money judgment for the unpaid portion of the purchase price of the land, together with accumulated interest and counsel fees, was filed September 5, 1934. The contract, notice of default and claim were attached to the complaint as exhibits thereto. The foregoing facts were alleged in the complaint, together with the assertion that the plaintiff, because of default in the payments of instalments, had elected to declare the unpaid portion of the purchase price of the land to be due and payable, and that it had previously offered to execute and deliver to the executor a good and sufficient deed of conveyance to the real property, which was refused. It was also alleged that the plaintiff had fully performed all of the conditions of the contract on its part. The prayer of the complaint asked for a money judgment for the unpaid portion of the purchase price of the land in the sum of $3,288.46 and interest, together with counsel fees in the sum of $500. The complaint did not specifically allege that the land was worth $5,000, that the consideration for the purchase price was adequate, or that the contract was just and reasonable. A general demurrer to the complaint was overruled on the theory that the suit is based on the contract for the unpaid portion of the purchase price of the land, and, upon the contrary, that it is not a suit for

specific performance. The executor filed an answer and cross-complaint, denying the essential allegations of the complaint and affirmatively charging that the contract was procured by means of fraud and misrepresentations. The answer and cross-complaint also allege that the plaintiff represented to the purchaser that the property was reasonably worth the sum of $5,000, which was untrue. The plaintiff answered the cross-complaint, admitting that it represented the value of the land to be reasonably worth $5,000, which representation was true.

The court tried the case sitting without a jury. Findings were adopted favorable to the plaintiff on every essential issue, including the offer to execute and deliver to the executor a good and sufficient deed of conveyance to the land, which was refused. Judgment was thereupon rendered in favor of plaintiff in the aggregate amount of $4,159.78, which includes an attorney's fee allowed in the sum of $500. The judgment provides that it is subject to the execution and delivery to the defendant of a good and sufficient deed of conveyance of the land. From that judgment the defendant has appealed.

The appeal is presented on the judgment roll only. The evidence is not before this court. In the appellant's opening brief it says: ''The sole question involved on this appeal is the sufficiency of the complaint to state a cause of action.''

We are of the opinion the complaint states a good cause of action for a money judgment based on the contract for the unpaid portion of the purchase price of the land, together with interest and counsel fees, according to the terms of the written agreement. The suit is not one for specific performance, and the plaintiff was not compelled to rely on that remedy. It had a right to elect to bring the action upon the contract for the unpaid portion of the purchase price of the land, without alleging the elements necessary to constitute an equitable proceeding for specific performance. In 66 Corpus Juris, page 1206, section 1069, it is said:

''Subject to rules hereafter considered requiring an election as to remedies which the vendor will pursue, and forbidding the pursuit of inconsistent remedies, the vendor, on breach of the contract by the purchaser, may bring an action for damages for the breach, or may sue in equity for specific per-

formance, *or bring an action for the purchase price remaining unpaid.*"

On page 1357 of the same volume, section 1357, it is further said in that regard:

"Although the contract is executory, the vendor may maintain an action at law for the unpaid purchase price, such as by covenant on the articles of agreement or an action of debt for the purchase money."

Many California authorities are cited in support of the preceding declaration of procedure.

In 25 California Jurisprudence, page 774, section 39, it is said:

"If the contract provides for payment of the purchase money in installments, a vendor may maintain an action for each installment as it becomes due. . . .

"An action for unpaid purchase money is an action *ex contractu,* proceeding upon the theory that the contract is in force, i. e., it is an action at law to recover money due under a contract, and *not a suit for specific performance.*"

For default in the payment of instalments due after an executory contract for sale of real property, where the contract so specifically provides, the vendor may declare the entire remaining unpaid portion of the purchase price due, and maintain an action at law to recover a money judgment for that amount. (*Siem* v. *Cooper,* 79 Cal. App. 748 [250 Pac. 1106].) In the case last cited it is said:

"The law seems to be well settled that, under a contract such as appears in the writing attached to the plaintiff's complaint, the vendor may at his election, in the event of default in the payment of any installment, as provided for, declare the whole purchase price due and payable and institute action for the balance thereof remaining unpaid. (*Smith* v. *Mohn,* 87 Cal. 489 [25 Pac. 696]; *Reed* v. *Hickey,* 13 Cal. App. 136 [109 Pac. 38].)"

The authorities which are cited by the appellant apply only to an action for specific performance of a contract. Since we assume they do not prescribe the essential elements necessary to be included in a complaint upon a contract to recover the unpaid portion of the purchase price of land, under the circumstances of this case, it is unnecessary to further distinguish them.

The complaint does not specifically allege that the plaintiff is the owner of the property in question, nor that a deed of conveyance was actually tendered to the executor before the action was commenced. The complaint, however, does allege that a claim for the unpaid portion of the purchase price of the land was duly presented to the executor for allowance more than ten days prior to the commencement of the action, and that the claim was not approved. Under section 712 of the Probate Code, the claim was thereby deemed to have been rejected by the executor. The complaint also alleges that by the filing of that creditor's claim the plaintiff elected to exercise its option under the contract to declare the entire unpaid portion of the purchase price to be due, and that the plaintiff "did then and there, and does now offer to execute to the Executor, or to its nominee, or to any person designated by this Court, a good and sufficient grant deed conveying title to this lot, together with a certificate of title" according to the exact terms of the contract. The complaint also alleges that the plaintiff performed all of the conditions of the contract on its part. The contract was attached to the complaint as an exhibit thereto.

We are of the opinion the allegations of the complaint state a good cause of action for the balance of the purchase price of the land, pursuant to the terms of the contract under the circumstances of this case, and that the demurrer was therefore properly overruled.

The contract for the sale of the real property was valid even though the vendor did not own the property at the time of the execution of the agreement. The contract specifically provides that "Whenever Buyer shall have paid all sums payable by him hereunder, . . . then Seller agrees to convey said premises to Buyer, . . . *and to furnish within a reasonable time thereafter a certificate or guarantee of title . . .* showing title to said premises to be vested in Seller free and clear of all encumbrances made, done or suffered by Seller." This conveyance the plaintiff offered to execute and deliver to the executor when the claim was filed against the estate. By rejecting the claim, in effect the executor repudiated the contract and refused to accept the deed. The executor thereby waived a tender of the deed. In 66 Corpus Juris, page 1369, section 1380, it is said:

658

"Where the stipulations in the contract are dependent, the vendor may maintain an action upon showing that the purchaser has waived a tender of the deed, or where he shows a good excuse for not making or tendering the deed. Thus a tender is not essential . . . where the purchaser has refused to carry out the purchase, . . . or where it appears that the purchaser would not have accepted a deed, if tendered."

To the same effect is the text in 25 California Jurisprudence, page 611, section 115, where it is said:

"Nor is tender necessary in any case where the conduct or declarations of the purchaser are such as to show that it would be unavailing." (*Hoppin* v. *Munsey,* 185 Cal. 678, 685 [198 Pac. 398].)

See, also, the text in that regard found in 24 California Jurisprudence, page 515, section 3.

In the present case it is quite evident that the actual tendering of a deed would have been unavailing. The defendant filed its answer and cross-complaint in both of which it was charged the contract was void on account of alleged fraud in procuring its execution.

It has been determined that where the purchaser of real property repudiates the transaction on the ground of fraud or otherwise, it is not necessary for the vendor, as a condition precedent to bringing the action to recover the amount due under the contract, to tender to the purchaser a deed. (*Teague Investment Co.* v. *Setchel,* 44 Cal. App. 664 [186 Pac. 1046]; *Title G. & T. Co.* v. *Stahler,* 15 Cal. App. (2d) 239 [59 Pac. (2d) 515].)

It was therefore not necessary under the circumstances of this case for the plaintiff to allege as a condition precedent to the right of maintaining this action, that it had actually tendered to the defendant a good and sufficient deed of conveyance. That tender would have been useless.

Even though it be assumed, which we do not concede, that the complaint should have affirmatively alleged that plaintiff was the owner of the property, that omission is not reversible error, in view of the provisions of article VI, section 4½, of the Constitution of California, which declares that no judgment shall be set aside for any error as to any matter of pleading. In the absence of the evidence which was adduced in this case, we must assume there was adequate

proof received without objection thereto, that the plaintiff owns the property in question and that a deed was either tendered in accordance with the terms of the contract or waived by the defendant. The payment of the judgment was rendered conditional upon the execution and delivery of a good and sufficient deed of conveyance to the real property. It does not appear there was a miscarriage of justice in this case.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.