[Sac. No. 5719.   In Bank.   June 25, 1946.]

C. W. BEELER, Appellant, v. AMERICAN TRUST COM-
PANY (a Corporation), Respondent.

Oliver J. Carter and Dudley G. McGregor for Appellant.

Brobeck, Phleger & Harrison and M. B. Plant for Respondent.

SPENCE, J.—This is an appeal from a decree of foreclosure and sale made as the outgrowth of previous litigation between the parties (*Beeler* v. *American Trust Co.*, 24 Cal.2d 1 [147 P.2d 583].) The propriety of the allowance of interest on the obligation established by the prior judgment is the sole point here in issue.

As appears from the findings in this case, judgment in the original action was entered on November 6, 1939, whereby a deed absolute was declared to be an equitable mortgage of certain real property; plaintiff's indebtedness to defendant was fixed at the sum of $60,000, plus the sum of $477.88 for taxes advanced, the former sum to bear interest at the rate of 5 per cent per annum and the latter sum to bear interest at the rate of 7 per cent per annum from the date of judgment; and provision was made that if plaintiff should fail to pay such sums and interest within 60 days from the date upon which the judgment became final, defendant might apply for a decree of foreclosure and sale. On appeal by defendant, this court modified the original judgment to allow defendant the additional sum of $430, making a total of $907.88, for taxes advanced. As so modified the judgment was affirmed on April 3, 1944, and the remittitur was filed on May 6, 1944. Meanwhile defendant, during the pendency of the appeal, made additional advances for taxes, reimbursement for which was secured under the terms of the judgment declaring plaintiff's right to a conveyance upon satisfaction of the indebtedness constituting a lien against the property. Plaintiff failed to make the payments within the 60 days from the date the judgment became final. Defendant thereafter applied for and obtained on November 14, 1944, after due hearing, the decree of foreclosure and sale from which this appeal is taken.

Appellant objects to the decree's schedule of his interest indebtedness which was computed on the following basis: $60,000 as the sum of the principal obligation, plus interest at 5 per cent per annum, and $907.88 as tax advance, plus interest at 7 per cent per annum, both amounts accruing interest from the date of the judgment, November 6, 1939; and additional sums for taxes advanced since the judgment, with interest from the date of payment at the rate of 7 per cent

per annum; in all, making a total of $81,490.99, after deduction of certain undisputed credits in favor of appellant, as the amount secured by the mortgage and bearing interest at the rate of 7 per cent per annum from date of said decree. It is appellant's position that said sums under the original judgment should not bear interest until the date that judgment became final—May 3, 1944. Neither the record nor the applicable law supports appellant's position.

The original judgment as rendered and modified on appeal provided expressly for interest from its date of entry on the respective sums of $60,000 and $907.88, as above stated. This court's previous consideration of the propriety of interest accrual with reference to the adjudicated mortgage indebtedness of $60,000 was directed solely to such allowance from the date such amount became due under the parties' agreement, and the trial court's finding, under the accredited evidence, that a rejected tender of payment prior to such due date stopped the running of interest on the obligation, was affirmed. (*Beeler* v. *American Trust Co., supra,* 24 Cal.2d 28-29.) By such decision the provisions for interest as carried in the original judgment were in nowise disturbed. On the contrary, in affirming said judgment, this court limited the modification to the single point of substituting the increased figure for the tax advance (24 Cal.2d 29) and in connection with such right of reimbursement, expressly stated that said amount of $907.88 should bear "legal interest . . . from the date of entry of the decree." (24 Cal.2d 27.) The modification, of course, related back to the date of the original entry of the judgment. (*Barnhart* v. *Edwards,* 128 Cal. 572, 575 [61 P. 176].)

Appellant concedes that the only offer of payment made was that prior to the institution of the original litigation. Its full effect was determined in the resulting judgment, and accordingly the interest accrual was expressly related to the date of entry of such adjudication. Said judgment is now final, and its provisions for allowance of interest are not open to attack on this appeal. (Code Civ. Proc., § 1908.) Contrary to appellant's claim, it was in no sense an interlocutory decree by reason of provision for possible future foreclosure proceedings in satisfaction of the judgment. Rather it "was a complete and final determination of the rights of the parties" then in controversy and it became "none the less so because it reserved for future consideration [an] independent branch

of the case." (*Perry* v. *West Coast Bond & Mortgage Co.,* 136 Cal.App. 557, 559 [29 P.2d 279].)

Appellant next argues that regardless of the terms of the original judgment, the appeal therefrom operated of itself to stop the interest from running until the obligation became due under decision of this court—*Beeler* v. *American Trust Co., supra,* 24 Cal.2d 1. In this connection he asserts that during the pendency of the appeal, defendant bank persisted in its claim of absolute ownership of the property and refused to recognize his rights under the terms of the adjudicated mortgage; that it therefore would have been futile for him to have offered payment as prescribed in the judgment; and that these circumstances will not support a claim of interest on the indebtedness prior to the date of finality of decision, May 3, 1944. But the law is otherwise. An appeal does not stop the running of interest, and to obtain such result the obligor must make a sufficient tender. (*Ferrea* v. *Tubbs,* 125 Cal. 687, 692 [58 P. 308].) Appellant makes no claim that a tender or offer of payment was made after the entry of judgment or pending the appeal, but merely assumes that it would have been rejected if made. In such assumption, appellant indulges in pure speculation as to a claim which could easily have been demonstrated as a matter of fact. The only way in which appellant could have avoided or terminated his liability to pay interest during pendency of the appeal was to have made an actual tender. (*Western Lithograph Co.* v. *Vanomar Producers,* 62 Cal.App. 644, 648 [217 P. 534].) Otherwise, analogous considerations would require that in any case in which the proper amount of a money judgment might be at issue on appeal, a tender of the amount admitted to be owing would be unnecessary because it presumably would be rejected and the running of interest should therefore automatically be stopped until the decision becomes final upon appellate review. The impropriety of such position has been considered in those cases where a money judgment on appeal is reduced in amount, and the judgment in its modified form nevertheless bears interest from the date of the original entry —not from the date of modification. (*Barnhart* v. *Edwards, supra,* 128 Cal. 572, 575; *Niles Sand, Gravel & Rock Co.,* v. *Muir,* 55 Cal.App. 539, 541 [203 P. 1009].) And even on a contract claim where an obligee demands more than is later found by the court to be owing under the parties' agreement, the obligor is nevertheless required to make a tender or offer of payment in order to stop the running of interest on the

obligation as adjudicated. (*Western Lithograph Co. v. Vanomar Producers, supra,* 62 Cal.App. 644, 648.)

Moreover, the trial court, in rendering the decree of foreclosure with its interest calculations here under attack, did not infer from the facts before it that the mere appeal from the former judgment established that a tender of payment would have been futile and constituted a waiver of a claim of interest on the adjudicated obligation pending appellate review. Appellant, in answer to the foreclosure application, did not make any specific allegation as to the futility or waiver of tender, but all his allegations which might be regarded as bearing upon such contention were found to be untrue. Thus, the trial court found against appellant on his claim of ability and willingness to pay in connection with his allegation that "since November 6, 1939 (the date of the original judgment) defendant . . . has continuously refused to accept the indebtedness due"—essential considerations in substantiating an offer of payment. (Civ. Code, § 1495.) The burden, of course, was upon appellant to plead and prove the circumstances of waiver. (*Caspar Lumber Co. v. Stowell,* 37 Cal. App.2d 58, 63 [98 P.2d 744].) Under the circumstances, the trial court's resolving of the issue in its finding that interest was owing on the adjudicated indebtedness in accordance with the terms of the original judgment is binding on this appeal. (*Northwestern P. C. Co. v. Atlantic P. C. Co.,* 174 Cal. 308, 312 [163 P. 47].) While the rule that "a tender is not necessary where the conduct or declarations of the vendee are such as to show that it would be unavailing" (*Hoppin v. Munsey,* 185 Cal. 678, 685 [198 P. 398]) is true as a general principle of contract law in establishing the futility of an offer of performance, an appeal is not classifiable as a declaration of position on the same basis to constitute a waiver of interest on a judgment as provided by law (Code Civ. Proc., § 1033) nor does it dispense with the formality of tender to stop the interest running on the adjudicated obligation. (*Ferrea v. Tubbs,* 125 Cal. 687, 692 [58 P. 308].)

██  Appellant's final point of challenge to the foreclosure decree relates to its provision for the allowance of interest on respondent's advances for taxes from the respective dates of payment. As quoted in the findings, the original judgment provided that "plaintiff, within sixty days from and after the date this judgment becomes final, shall pay to defendant the said sums and interest above found to be due, together

with any advances made by defendant for taxes, if any, subsequent to the trial." The advances for taxes made prior to the trial—$907.88, as above noted—expressly carried "legal interest . . . from the date of entry of the decree." (*Beeler* v. *American Trust Co., supra,* 24 Cal.2d 1, 27.) Respondent on the same basis would be entitled to reimbursement for subsequent advances for taxes during the pendency of the appeal, and a reasonable interpretation of the original judgment with reference to that point would so indicate regardless of its failure to provide expressly for the accrual of interest. In fact, even without mention at all in the judgment, respondent's advances for taxes to protect its own interest would have become part of the indebtedness secured by the mortgage. (Civ. Code, § 2876; *Weinreich* v. *Hensley,* 121 Cal. 647, 656 [54 P. 254]; *McMillan* v. *O'Brien,* 219 Cal. 775, 780 [29 P.2d 183]; *Diehl* v. *Hanrahan,* 68 Cal.App.2d 32, 37 [155 P.2d 853].) And such advances, in the absence of express agreement or provision to the contrary, bear interest at the legal rate from date of payment. (*Semi-Tropic S. Assn.* v. *Johnson,* 163 Cal. 639, 642 [126 P. 488].)

The decree of foreclosure provides for interest payments in strict accord with the terms of the original judgment as considered in this court's prior opinion (*Beeler* v. *Amrican Trust Co., supra,* 24 Cal.2d 1), and accordingly, the decree is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Dooling, J. pro. tem., concurred.

SCHAUER, J.—I dissent. In this appeal from a decree of foreclosure exception is taken to the judgment only insofar as it charges the plaintiff with interest on the debt due the defendant for a period during which the defendant failed and refused to comply with the judgment and by its conduct precluded or excused the plaintiff from complying therewith.

The essential facts and the controlling law herein were finally adjudicated in the basic case of *Beeler* v. *American Trust Co.* (1944), 24 Cal.2d 1 [147 P.2d 583], and are no longer subject to dispute. In 1937 plaintiff and defendant entered into an agreement whereby plaintiff conveyed to defendant a large parcel of land found by the trial court to be worth "in excess of $135,000," as security for the payment of a debt of $60,000. The conveyance was in the form of a deed absolute and was made in that form at defendant's re-

quest so that its formal records would present the appearance that it was the owner of the property rather than reflect the true fact that it was carrying a loan thereon (see opinion on former appeal, p. 24 of 24 Cal.2d). The yearly rental value of the property undisputedly was "in excess of $7,500" but the defendant bank purportedly "leased" the property back to plaintiff for a yearly rental of $3,000 (agreed upon as being in fact 5 per cent per annum interest on the debt of $60,000) payable semiannually. A policy of title insurance was procured by defendant showing itself as owner but expressly excepting "any rights of C. W. Beeler who is in possession."

It is further judicially determined by final judgment that on June 30, 1938, at the defendant bank's place of business "the plaintiff offered to pay his indebtedness in good faith, and was ready, willing and able to do so; . . . that this offer was made to Mr. Kennedy, vice-president of the bank; that said Kennedy refused that offer without specifying any objection to its form, and refused to deal with the plaintiff in the matter in any way, but demanded that the plaintiff vacate the property within thirty days; that by virtue of its said officer's actions the defendant bank waived objection to the mode of the offer *and waived tender or other offer; that such offer of performance suspended the running of interest upon the indebtedness.*" (Italics added; p. 28 of 24 Cal.2d.) This court further held (p. 29 of 24 Cal.2d) that "the trial court was warranted in concluding that any further action by the plaintiff in this respect [by way of tender of payment] would have met with like rebuff by the bank, and that a valid offer having once been made and refused, *the indebtedness ceased to bear interest as of that date.*"

After the bank's refusal to accept payment of the debt, its disavowal of its contract and its meretricious assertion of absolute ownership of plaintiff's property, plaintiff brought the action to have the deed declared an equitable mortgage and in his complaint reiterated and continued his offer to pay the debt due and demanded that defendant reconvey the land. Defendant answered and denied that any debt was due it, denied that it held the land as security, asserted that it was the absolute owner of the land and refused to reconvey. The trial court found in favor of plaintiff on substantially all issues and on November 6, 1939, rendered judgment establishing the debt in the amount alleged by plaintiff and requiring that upon payment thereof defendant reconvey the

land to plaintiff. Defendant still persisted in its refusal to reconvey the land to plaintiff and continued its denial that any debt was due it and its refusal to accept payment thereof by appealing from the judgment.

By the appeal defendant succeeded in postponing its own compliance with the judgment for nearly four and one-half years. During all of that time it maintained exactly the position which it had asserted on June 20, 1938, and plaintiff, likewise, during all of that time, maintained the position he had asserted on and prior to June 20, 1938. It will be remembered that it has been finally adjudicated that on June 20, 1938, plaintiff in good faith offered to pay the entire indebtedness and that he was ready, able and willing so to do; that defendant bank (p. 29 of 24 Cal.2d) "declined absolutely to negotiate with the plaintiff in the matter and . . . refused to consider the proposition that the plaintiff had the right to protect his interest in the property involved"; and that "any further action by the plaintiff in this respect [by way of tender] would have met with like rebuff by the bank, and that a valid offer having once been made and refused, the indebtedness ceased to bear interest as of that date." Defendant's appeal from the judgment is conclusive proof that it refused to accept the judgment; i. e., conclusive proof that it did not renounce or abandon the position which it asserted on June 20, 1938, and which position stopped the accrual of interest. Yet defendant now seeks to profit from its own wrong by charging the plaintiff with interest on the entire debt for all of the period during which it refused and failed to comply with the judgment. It is, of course, obvious that defendant's appeal precluded plaintiff from enforcing the judgment.

Defendant's argument is based on certain language in the basic judgment which it seeks to have us construe as an adjudication in futuro that in the event defendant appealed from the judgment and delayed plaintiff's enforcement thereof, and, as a correlative, his compliance therewith, plaintiff should be liable to defendant for interest on the debt during the delay occasioned by defendant. If the theory of the majority opinion in this regard is sound then it would have availed plaintiff nothing to have repeated his prior offer of payment. If such judgment finally adjudicated that plaintiff is liable for interest from the date of the judgment until paid then an offer to pay it the day it was rendered would avail nothing more than the offer of June 20, 1938. The

language of the judgment which defendant singles out to rely upon, is as follows (paragraph III):

"That there is now due, owing and unpaid from said plaintiff . . . to said defendant . . . the sum of $60,000.00 . . . which sum shall bear interest at the rate of five per cent per annum, payable semi-annually from the date hereof until paid, and there is also due, owing and unpaid from said plaintiff to said defendant the sum of $477.88, constituting taxes paid by said defendant on said real property subsequent to the execution of said deed; that said sum of $477.88 shall bear interest at the rate of seven percent per annum from the date hereof until paid; that defendant . . . shall have a first lien upon the . . . real property to secure the payment to it of the sums and amounts hereinabove specified, together with interest thereon as provided herein, until said sums and amounts and the interest thereon as provided herein are paid." And (paragraph V):

"That plaintiff within sixty days from and after the date this judgment becomes final, shall pay to defendant the said sums and interest above found to be due, together with any advances made by defendant for taxes, if any, subsequent to the trial; and when so done defendant shall reconvey said property to plaintiff free and clear of all encumbrances made, done or suffered by defendant; that in case plaintiff fails to make such payment within the time specified herein then defendant may apply . . . for the usual decree in foreclosure and sale. . . ."

The difficulty with defendant's position is that it in effect necessarily ignores part of the judgment, part of the conclusions of law which are law of the case, and part of the findings of fact which are res judicata. The nature of the basic action must be borne in mind. It was not a suit by defendant bank to collect a debt or to foreclose a mortgage. It was a suit commenced by plaintiff to accomplish the following objects: (1) To judicially establish his ownership of the land; (2) to establish that there was a debt which he owed and for which he had conveyed the land as security; (3) to compel the defendant to accept payment of the debt which payment plaintiff in good faith had on June 20, 1938, offered to defendant; (4) to compel the defendant, upon payment of the debt, to reconvey the title of the land to plaintiff. Defendant resisted each and all of these objects. After trial the court found in plaintiff's favor on all the issues of fact and

the whole purpose of the judgment was to accomplish plaintiff's objects, which objects included not only the protection and enforcement of plaintiff's rights but all proper protection of the defendant's actual (but by it disavowed) interest as a lien-holder. It is therefore important to view and construe the judgment as a whole.

Paragraph I of the judgment decrees "that the above named plaintiff . . . is the owner of, in possession of and entitled to the possession of" the real property "subject, however, to a mortgage to defendant." Paragraph II specifically declares "that the deed executed by said plaintiff . . . conveying the title of the . . . real property, was executed and delivered for the purpose of securing an indebtedness of $60,000.00 owing by said plaintiff to said defendant, together with interest thereon at the rate of five per cent per annum, payable semiannually; that said deed constituted and now constitutes a mortgage on said real property as security for said indebtedness." Then follows paragraph III previously quoted, on which, as detached from its surroundings and the findings and conclusions on which it is based, defendant principally relies. Paragraph IV prescribes "That *upon the payment to defendant* of the sums and amounts hereinabove in paragraph III specified, together with interest thereon as provided therein, *said defendant shall reconvey* the real property . . . to said plaintiff." (Italics added.) Paragraph V is hereinabove quoted. Paragraph VI adjudges that defendant "has no right, title, estate or interest in or to said real property other than a mortgage thereon to secure the payment to it of the indebtedness hereinabove found to be due, owing and unpaid from said plaintiff . . . to said defendant."

Furthermore, in construing the judgment, it is necessary to consider the findings of fact and the conclusions of law on which it is based. It will be remembered that the court found specifically that on June 20, 1938, before the action was commenced by plaintiff, he offered "in good faith," and "was then and there ready, able and willing" to pay "all of said indebtedness then remaining unpaid" and "that said offer of performance on the part of said plaintiff suspended the running of interest upon the said indebtedness of $60,000.00 from the date that the same was made on or about June 20, 1938, until the date of the entry of the judgment or decree in this action." The last quoted finding is more properly a conclusion of law. *It is law of the case not open to dispute.* And

if that irrefragable proposition be accepted it must follow, as will be shown, that defendant is not entitled to collect interest from plaintiff for the period after the entry of judgment during which defendant itself refused to comply with the judgment and by its action precluded and excused plaintiff from compliance therewith and enforcement thereof.

It is apparent that there has been confusion both in the trial court and in this court between interest on the *debt* and interest on the *judgment*. The conclusions of law and the judgment of the trial court very properly determined that plaintiff's offer to pay and defendant's refusal thereof suspended the running of interest "until the date of the entry of the judgment or decree in this action." Whether interest ran thereafter is a question controlled by law, not by the judgment. The trial court on November 6, 1939, was rendering a judgment on the basis of facts and issues as they then, and had theretofore, existed. It did not assume, on November 6, 1939, to look into the future and find that defendant would refuse to accept or comply with the judgment and would instead appeal from it, and would by its conduct preclude or excuse plaintiff from complying with it, for four and one-half years, and on that clairsentient finding adjudicate that defendant was nevertheless entitled to recover interest from plaintiff for that period.

The controlling point is that the court found the facts from which it followed as a matter of law that the accrual of interest *on the debt* stopped. It is res judicata that plaintiff offered to pay his debt and, as said in our opinion on the prior appeal (at p. 29 of 24 Cal.2d), "the trial court was warranted in concluding that any further action by the plaintiff in this respect [tender of payment] would have met with like rebuff by the bank, and that a valid offer having once been made and refused, the indebtedness ceased to bear interest." The debt having "ceased to bear interest" by reason of the offer by plaintiff and the position taken by defendant the accrual of interest could be revived only by a renouncement or abandonment of his position by one party or the other. Neither at any time did alter his position. In view of such findings and conclusions of law (and, as well, the statutory law) the judgment could not properly provide for interest *on the debt* as such. If and when a money judgment was rendered and became operative such *judgment* would bear interest at the rate of 7 per cent per annum by virtue of the

statute (Stats. 1919, p. lxxxii; 2 Deering's Gen. Laws, 1944, Act 3757, § 1) but not by virtue of any express direction of the judgment. If defendant had accepted the judgment as rendered it would have thereby renounced or abandoned the position which precluded interest from accruing, and from then on it would have been proper, as a matter of law, to have charged plaintiff with interest at the rate of 7 per cent per annum *on the judgment* until the debt was paid. But the defendant did not accept the judgment as rendered, or otherwise renounce or abandon the position, which as a matter of law, kept the interest on the debt and on the judgment from accruing. On the contrary it appealed from the judgment and at all times concerned, until the matter had been finally adjudicated in this court, persisted in maintaining exactly the position which it had taken on June 20, 1938. It is law of the case as well as law of the state that such position precluded the accrual of interest.

Obviously the various provisions of the judgment in the basic action were in a sense interdependent; each of the provisions was a condition concurrent to the others. The defendant could not be required to convey the colorable title of the land to plaintiff without payment of the debt; but, likewise, the plaintiff was under no obligation whatsoever to pay the debt or to make any further offer to pay it, until either the judgment became final or defendant renounced or abandoned the position which it had taken on June 20, 1938, and had thereafter continuously maintained. It is res judicata that plaintiff made the offer; it is res judicata that defendant refused such offer; it is res judicata "that any further action by the plaintiff in this respect would have met with like rebuff by the bank"; it is law of the case and of the state that "the indebtedness ceased to bear interest." It cannot be successfully challenged that it was as a matter of law utterly impossible for the defendant to, at the same time, prosecute its appeal and accept payment of the mortgage debt. (*Mt. Shasta Power Corp.* v. *Dennis* (1924), 66 Cal.App. 186, 191 [225 P. 877].)

It is noted that the trial court in the instant proceeding found that it was *untrue* "That on and since November 6, 1939, defendant and cross-complainant has continuously refused to accept the indebtedness due from said plaintiff to said defendant." That finding cannot be sustained. The converse is indisputably established. Our own records dis-

close, and the record on this appeal also shows, that defendant appealed from the judgment of November 6, 1939, and that on such appeal it maintained and continued exactly the position which it took on June 20, 1938, and which position, it is res judicata, constituted a refusal to accept the indebtedness due from the plaintiff.

Even if we could hold that the findings of fact and conclusions of law in the basic case, coupled with defendant's appeal from the judgment therein, do not conclusively resolve the issues on this appeal in favor of the plaintiff we should be bound to reach the same result by following well established law. Defendant seeks, in this regard, to sustain the trial court's allowance of interest by suggesting that plaintiff should have made another tender of payment of the debt after rendition of the basic case judgment and defendant's appeal therefrom. Such contention cannot be sustained. The majority opinion herein, itself, states that "A tender is not necessary where the conduct or declarations of the vendee [or, in this instance, the defendant] are such as to show that it would be unavailing." (*Hoppin* v. *Munsey* (1921), 185 Cal. 678, 685 [198 P. 398]; *Cowan* v. *Tremble* (1931), 111 Cal.App. 458, 465 [296 P. 91]; *Ratterree L. Co.* v. *Security F. Nat. Bk.* (1938), 26 Cal.App.2d 652, 658 [80 P.2d 102]; see, also, Civ. Code, §§ 1440, 1512, 1515.) Here, as previously shown, the maintenance of the appeal was as a matter of law of the case and as law of the state utterly inconsistent with acceptance of payment of the mortgage debt or the judgment.

The majority opinion refers to a modification (by consent of plaintiff) in this court of the basic judgment in respect to an item of taxes paid and states that "The modification, of course, related back to the date of the original entry of the judgment. (*Barnhart* v. *Edwards*, 128 Cal. 572, 575 [61 P. 176].)" In the cited case, *Barnhart* v. *Edwards*, plaintiff had brought an action for the foreclosure of a mortgage given to plaintiff by one Vancil, in the form of an absolute deed, but by way of security for the payment of certain claims and advances by the plaintiff. Vancil then conveyed the property to a third person, Davis, who, with Vancil's administrator (Edwards), was named as a defendant in the action. Plaintiff recovered judgment directing a sale of the mortgaged property to satisfy the plaintiff's claim, which was determined to be $7,668. Defendant Davis, alone, appealed, and the appeal was subsequently dismissed for reasons not material

here. (*Barnhart* v. *Edwards* (1896), 111 Cal. 428 [44 P. 160].) Thereafter, as stated in the cited case (at pages 573-574 of 128 Cal.), ''Upon an appeal from the order denying a new trial this court made an order December 28, 1896, directing the superior court to deduct certain items from the amount which it found due to the plaintiff . . . and to make a corresponding amendment of its conclusions of law, and added: 'The order denying a new trial will thereupon be affirmed. Judgment will then be entered in accordance with the findings thus corrected.' After receiving the *remittitur* containing this direction the superior court, upon motion of the respondent herein [Vancil's administrator], made an order September 3, 1897, correcting its finding of fact by deducting [the amount directed by this court] . . . and amended its conclusion of law. . . . On the same day the court caused to be entered a 'corrected judgment and decree,' . . . and decreed a sale of the mortgaged premises, and that out of the proceeds of said sale the sheriff pay to the plaintiff the [original sum found to be due, less the deductions ordered by this court] . . . 'with interest thereon . . . from the date of this decree.' '' Upon an appeal by plaintiff from such ''corrected judgment'' of September 3, 1897, this court held that he was entitled to interest from the date that the superior court made its ''decision''; i. e., the date it filed its original findings of fact—March 16, 1895. (P. 575 of 128 Cal.) It is to be noted, however, that the appeals discussed in the cited case were prosecuted by one or the other of the obligors, and that the obligee—the plaintiff—at no time repudiated the transaction or falsely asserted that he, and not the defendants, was the owner of the property and that no sums were owing him. On the contrary, the plaintiff at all times diligently sought to recover the sums the court found to be owing to him. In contrast are the facts of the case at bar where the plaintiff had to bring an action to compel the defendant to accept the money which the plaintiff had offered to pay. Consequently the cited case is not authority for the quoted proposition as it is sought to be applied to the facts now before us.

Further support for plaintiff's contention that he may properly be charged with interest only from the date the judgment became final is found in *Brooks* v. *Fidelity Sav. & Loan Assn.* (1942), 54 Cal.App.2d 130, 135 [128 P.2d 711]. There plaintiffs had, pursuant to an agreement found by the court to be valid and binding, tendered to defendants $10,000 as full satisfaction of a deed of trust held by defendants upon

plaintiffs' property. Defendants rejected the tender and proceeded to foreclose the trust deed and take possession of the property. In the meantime, plaintiffs sued for specific performance of the described agreement, and subsequently recovered judgment. On appeal by defendant, it was held that the trial court had correctly refused to charge plaintiffs with interest upon the $10,000 and that plaintiffs were entitled to recover the property upon payment of the $10,000, with no interest whatsoever.

In *Lockhart* v. *J. H. McDougall Co.* (1923), 190 Cal. 308 [212 P. 1], this court, upon appeal by defendant, upheld in plaintiff's favor a determination that a deed in form absolute given by plaintiff to defendant was in reality a mortgage. There, as here, plaintiff, prior to the bringing of suit, had tendered to defendant the amount of the indebtedness and the tender had been refused by defendant. *The trial court had allowed defendant no interest whatsoever on the principal sum of $15,000, although more than five years had elapsed between the date such sum was due defendant and the date of the tender by plaintiff.* This court modified the judgment "by including . . . interest upon [such sum during such five-year period] . . ., the total amount of the judgment so ascertained to bear interest from the date of the original judgment." (Pp. 315-316 of 190 Cal.) No authority is cited in support of the allowance of interest from the date of the original judgment, rather than from the date such judgment became final, and such allowance appears to me to be contrary to both justice and the rule in such cases as previously declared by this court in *Wadleigh* v. *Phelps* (1906), 149 Cal. 627, 645-646 [87 P. 93].

In the Wadleigh case, as in the case at bar, defendant appealed from a judgment decreeing that a deed in form absolute delivered by plaintiffs to defendant was intended as a mortgage to secure certain sums found due from plaintiffs to defendant. Before plaintiffs commenced their action they had tendered to defendant the amount owing, and defendant had rejected the tender. The trial court refused to allow interest accruing subsequent to the date of the tender, or subsequent to the date of finality of the judgment. The judgment was affirmed in all respects, except as to the matter of interest accruing after the judgment became final. On that point this court declared (pp. 645-646 of 149 Cal.) : "Defendant is undoubtedly entitled to legal interest upon the amount adjudged

due her, less the costs awarded plaintiffs, *from the time the judgment becomes final* to such time as the plaintiffs, under the judgment, tender her such amount, or in the event that they fail to make such tender, until the foreclosure sale ordered in that event has been had." (Italics added.)

It seems to me that if we are to recognize the adjudicated facts, accept the law of the case, and follow the law of California, we must modify the decree of foreclosure herein by allowing interest to defendant only from the date the basic judgment became final.