Xavier Zequeira, Plaintiff and Appellee, *v.* Municipal Housing Authority of the Capital of Puerto Rico (Urban Renewal and Housing Corporation), Defendant and Appellant.

No. R-65-277. Decided February 19, 1968.

*Beverley, Rodríguez, Estrella & Pesquera* for appellant. *Ramírez, Segal & Látimer* for appellee.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

A contractor to whom the construction of a public housing project was awarded filed a complaint against the Municipal Housing Authority (today Urban Renewal and Housing Corporation) to recover the cost of an extra work agreed upon between the parties. On March 23, 1956, judgment was rendered in favor of the contractor. The two parties appealed to this Court. On November 22, 1961, we rendered judgment reversing the judgment rendered by the trial court, *Zequeira* v. *U.R.H.C.*, 83 P.R.R. 847 (1961), and remanded "the case for determination of the increase in price in accordance with the terms of the opinion" delivered by this Court. The Superior Court, San Juan Part appointed an arbitrator by the following order:

"In view of the opinion delivered by the Supreme Court of Puerto Rico in the above-entitled case on November 22, 1961 and after considering the stipulation submitted by the parties and filed in the record on June 18, 1962 for appointment of arbitrator, the Court approves the aforesaid stipulation.

"Accordingly, Mr. Carlos W. Mirabal, attorney and certified public accountant, with offices at 721 De Diego Ave., Caparra Terrace, P.R., is hereby appointed as arbitrator in the case with all the powers vested on him by the Rules of Civil Procedure and the Code of Civil Procedure of Puerto Rico and he is particularly empowered to:

"1. Receive documentary and oral evidence on the questions in issue pending decision in accordance with the opinion delivered by the Supreme Court of Puerto Rico previously referred to. Said evidence may include the opinion of the respective experts of the parties.

"2. Once all the evidence and expert recommendations are received the arbitrator must determine the following facts:

 (a) The cost of labor and of materials for the finishings pursuant to the terms of the original contract of September 12, 1950.

 (b) The cost of labor and of materials for the finishings made pursuant to the terms of the interpretative letter of September 15, 1950 including the cost of social

security policies, workmen's compensation, and the extension of time required for completion of the contract.

"3. The arbitrator shall submit to the court his findings of fact with service of notice thereof to the parties and as to any question of law which might appear, as well as of interpretation of this order or of the opinion and judgment rendered by the Supreme Court of Puerto Rico, he shall consult the court as many times as he deems it necessary in order to receive the proper interpretation and conclusions of law.

"4. The arbitrator, may, in addition, require the production of any evidence on the issue in question, including the production of any pertinent books, papers, vouchers, documents and writings.

"5. To decide on the admissibility of evidence.

"6. To swear in witnesses and examine them and to summon the parties in the suit and examine them under oath.

"7. To prepare a record of the evidence offered and excluded in the same manner and subject to the same limitations provided in the Rules of Evidence.

"8. To fix the date and place to commence and finish the hearings.

"After the evidence is presented by the parties before the commissioner and in accordance with the provisions of paragraph 3, the latter shall prepare and submit to the court, within the term of 45 days, a report containing findings of fact and shall attach thereto a transcript of the evidence and of the exhibits introduced by the parties."

The arbitrator rendered his award. The parties filed their objections. After considering them the court made the following findings and rendered judgment on November 23, 1965:

"The Court believes, after a study and analysis of all the evidence introduced, as well as of the 'Report of the Commissioner,' that it should dismiss, as it hereby dismisses, the objections raised by the parties to the 'Award of the Commissioner,' approves it, subscribes to the 'Final Findings' thereof so that they form part of these findings and in accordance therewith, decides that defendant, Municipal Housing Authority of the Capital of

Puerto Rico, is bound to pay to plaintiff, Xavier Zequeira, the total amount of $339,044.34.

" · · · · · · ·

"In view of the grounds set forth in the preceding Findings of Fact and Conclusions of Law, the Court sustains the complaint, and accordingly, orders the defendant, Municipal Housing Authority of the Capital of Puerto Rico, to pay to plaintiff, Xavier Zequeira, the amount of $339,044.34 as principal, *plus interest at the rate of 6% per annum from the date of the original judgment until its total and final payment,* and costs of this proceeding and the sum of $17,000 for attorney's fees." (Italics ours.)

Plaintiff and defendant filed petitions for review. We did not issue the writ for the petition filed by plaintiff and, in issuing the writ requested by the public corporation, we confined ourselves to determining whether the granting of interest as made by the trial court conforms to law.

 . Section 341 of the Code of Civil Procedure, still in force, 32 L.P.R.A. § 1473, provides that "The secretary must include in the judgment entered up by him, any interest on the judgment of the court, from the time it was made . . . ." An appeal having been taken to a superior court, if the judgment is modified, the one rendered on appeal bears interest from the time it was rendered by the trial court. If the judgment is reversed, and the case remanded for further proceedings the interest accrues from the time the trial court renders the new judgment. *Polanco* v. *Cortés*, 66 P.R.R. 718 (1946) ; *Ex parte Franceschi*, 53 P.R.R. 72 (1938) ; *P.R. & American Ins. Co.* v. *Superior Court*, 84 P.R.R. 597 (1962) ; *Snapp* v. *State Farm Fire & Casualty Company*, 388 P.2d 884 (Cal. 1964) ; *Stockton Theatres, Inc.* v. *Palermo*, 360 P.2d 76 (Cal. 1961). It is thus admitted by appellee in his brief, but he maintains that in the instant case our judgment did not reverse the one rendered by the Superior Court, but that it modified it. In *Snapp* v. *State Farm Fire & Casualty Com-*

*pany, supra,* the distinction between modifying and reversing a judgment is discussed at great length. It explains that when an appellate court reverses a judgment it vacates it, declares it void, so that there is no judgment in existence until a new judgment is entered. It indicates that what is important is to determine what the court actually did in rendering the judgment, irrespective of whether its action was called reversal or modification. Following this rule, we have studied our judgment of November 22, 1961, and the opinion which accompanied it. If we examine the judgment rendered, we shall note that it is stated therein "the judgment rendered by the Superior Court, San Juan Part, on March 23, 1956, is reversed, and the case is remanded for determination of the increase in price in accordance with the terms of the opinion." There was, then, no modification of the terms of the judgment. It was merely reversed. It was set aside because an erroneous method was used to determine the amount owed by defendant. A new determination had to be made using a different method. The judgment rendered on March 23, 1956, was left without any legal effect. As we expressed in our opinion in *Zequeira* v. *U.R.H.C.* of November 22, 1961:

". . . By employing the 'reasonable value' method instead of the 'increase in price,' the trial court made no conclusion on such important aspects of the evidence.

"We have examined the impressive volume of data contained in the evidence, and we sincerely believe that in order to reconcile the figures shown on the payrolls and the lists of materials with the Authority's daily reports, which show more or less the type of work done and the dates on which the work was performed, the trial court will need a court expert who, together with the experts of the parties, or by himself, may proceed to do that work, for on such analysis depends the determination, with the greatest degree of accuracy, of the cost of the finishings in accordance with the interpretative letter, in order to compare it with the cost of those finishings in accordance with the terms of the contract. This would be more advisable than to rely on the breakdowns of those items submitted

by the parties. Perhaps the trial court would prefer to hold additional hearings for the purpose of clarifying some dubious points. The best course would be to leave to the sound discretion of the trial court, within the ample power which a court actually has to conduct its proceedings, whatever it deems most advisable in order to reach a final determination of the *increase in price*. Rule 71 of the Rules of Civil Procedure."

Following our suggestion the trial court appointed an arbitrator with the powers set forth hereinbefore. His award, adopted by the court, constitutes a new judgment, which draws interest from the time it was rendered on November 23, 1965.

■ Appellant maintains that the judgment appealed from does not bear interest during the time the petition filed by plaintiff was pending before this Court. It is not so. Although there are authorities which share this view, it seems to us that the most reasonable rule is that which establishes that the judgments continue drawing interest until they are paid and the fact that the party in whose favor it is rendered seeks to review it in order to increase it, must not alter the rule. *Beeler* v. *American Trust Co.*, 170 P.2d 439 (Cal. 1946); *Woodmont, Inc.* v. *Daniels*, 290 F.2d 186 (10th Cir. 1961), and see also, *Arnold* v. *Arnold*, 140 N.W.2d 874 (Iowa 1966); *Pinkstaff* v. *Pennsylvania Railroad Company*, 202 N.E.2d 512 (Ill. 1964).

■■ Defendant invokes *Concepción* v. *Latoni*, 63 P.R.R. 666 (1944). In this case we stated that "Likewise [the trial court] did not err in deciding that neither the plaintiffs nor the defendant was entitled to interest for the period during which their respective appeals were pending." In support of this view we limited ourselves to citing 33 C.J. 247, §§ 158 to 161 inclusive. It is interesting to indicate that the citation of Corpus Juris which we invoked to support the statement we made in *Latoni* has been conditioned in the edition of Corpus Juris Secundum. In 47 C.J.S. § 59 the italicized phrases

were added: "The question of the suspension of interest pending an appeal is one largely determined by the character of the case, and by the result of the appeal, *since the mere taking of an appeal does not in itself stop the running of interest.*" Moreover, § 341 of the Code of Civil Procedure aforecited provides the imposition of interest from the time judgment is rendered, without it being established that the appeal or the filing of a petition for review stops the running of interest. It is argued, in support of the rule invoked by defendant, that seeking to review the judgment prevents the payment thereof and that therefore no benefit on interest should be allowed during the period the review or appeal is pending. A slight examination of the reasoning shows that it does not rely on a solid basis. Under certain circumstances the filing of a petition for review or an appeal taken by the party in whose favor the judgment was rendered does not bar the losing party from paying it. It may deposit what the judgment orders to pay, and thus stop the running of interest. *Beeler* v. *American Trust Co., supra.* This does not preclude the appellant from continuing with his appeal seeking to obtain a higher judgment. *Concepción* v. *Latoni, supra,* is overruled insofar as it is inconsistent with what is set forth herein.

The judgment rendered by the Superior Court, San Juan Part, on November 23, 1965, will be modified in the sense of directing that the amount awarded draws interest from that date.

Mr. Chief Justice Negrón Fernández did not participate herein.